74 So.2d 273

**BROWN v. STATE.**

**6 Div. 657.**

Court of Appeals of Alabama.

Feb. 9, 1954.

Rehearing Denied March 3, 1954.

Ray & Giles, Birmingham, for appellant.

Si Garrett, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case charges under the first count grand larceny, and under the second receiving and concealing stolen property. The jury found the defendant guilty under the first count.

■ The counts of the indictment are each in code form, and the demurrers thereto were overruled without error. Flott v. State, 24 Ala.App. 584, 139 So. 298; Rogers v. State, 17 Ala.App. 175, 83 So. 359.

■■ Preliminary to the main trial procedure, appellant's attorney challenged for cause one of the prospective jurors. The ground upon which insistence was made was that the venireman was employed by the State of Alabama as a revenue examiner.

We reviewed this identical question in the recent case of McAdory v. State, ante, p. 349, 68 So.2d 68.

We held that the disqualifications of a prospective juror, on account of bias, may be actual or implied. In that case, as in the case at bar, there was no contention that the juror's employment was in any manner involved in the prosecution. Under these circumstances, we concluded that the juror

in question was not subject to challenge for cause.

In material aspects there is no conflict in the evidence.

The defendant did not testify at the trial nor introduce any testimony in his behalf.

Briefly stated, the facts are as follows:

Mr. J. C. Armstrong operated a grocery store. In conjunction with a number of other allied stores in the city of Birmingham, Alabama, he instituted a prize drawing plan as an advertising program. The person holding the lucky number was to receive a television set.

Those entering the store were given tickets with stubs attached. The ticket and the stub bore the same numbers. The ticket was kept by the visitor, and the stub was placed in a box which remained in the store.

At the time of the drawing a stub bearing the number 13958 was drawn from the container. The number drawn was given publicity by posting, displaying, and otherwise.

About 9:30 A.M. on the next day after the drawing, Frank Wegent, accompanied by a young lady, came to Mr. Armstrong's store and presented a ticket, with stub detached, bearing the number indicated above. The television set was delivered to the couple.

About thirty minutes later, a Mrs. Jones presented a ticket bearing the same number.

According to the testimony, much of which was by expert witnesses, the ticket presented by Mr. Wegent was a counterfeit and that held by Mrs. Jones was authentic.

The State relied to a great extent on the testimony of Wegent, who unquestionably was an accomplice. This witness testified to facts which clearly made the appellant a party to the fraudulent scheme or plan.

We are faced with the task of deciding whether or not the testimony of the ac-

complice was corroborated. Title 15, Sec. 307, Code 1940.

It appears from the evidence that all the concerns which had adopted the plan had drawings on the same day and used similar methods of conducting the advertising program.

The proof shows that two other grocery stores were victims of the fraudulent scheme and these were perpetrated by Wegent and the appellant. One of these occurred at about 7:00 P.M. on the day just prior to the Armstrong incident. At this time the defendant and Wegent were together. The former held the fake ticket and claimed the television set.

Another was attempted about thirty minutes before the occasion just indicated. At this time some man was with Wegent, but the proprietor was unable to say that this person was the appellant. Wegent did not get the television on this visit, but went back next morning alone and got the machine.

These separate offenses were formed of patterns that had features and resemblances which were in common with the one upon which this prosecution was based.

■ The materiality of the proof of these prior and subsequent offenses is justified under the doctrine announced in the following authorities: Brasher v. State, 33 Ala.App. 13, 30 So.2d 26, certiorari denied 249 Ala. 96, 30 So.2d 31; Weatherspoon v. State, 36 Ala.App. 392, 56 So.2d 793; Shouse v. State, 36 Ala.App. 614, 63 So.2d 722; Whitley v. State, ante, p. 107, 64 So. 2d 135.

Pertinent to this reviewable inquiry, it is fitting to note that the appellant was found in possession of a ticket which, with the exception of a different number and the name of another grocery concern, was identical in every respect to the one which the accomplice presented.

■ "It is not necessary that the corroborating evidence refer to any particular statement or fact testified to by the accomplice. If it strengthens the probative crim-

inating force of his testimony and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt or innocence to the jury." Smith v. State, 230 Ala. 413, 161 So. 538, 542.

We are clear to the conclusion that in the instant case the rule of instant concern was not violated, and the appellant was not due the general affirmative charge because the testimony of the accomplice was not corroborated. The following authorities sustain this view: Horn v. State, 15 Ala. App. 213, 72 So. 768; Brooks v. State, 34 Ala.App. 275, 38 So.2d 744; Fuller v. State, 34 Ala.App. 211, 39 So.2d 24; Thomas v. State, 34 Ala.App. 470, 41 So.2d 435; Jones v. State, 35 Ala.App. 89, 44 So.2d 18; Skumro v. State, 234 Ala. 4, 170 So. 776; Malachi v. State, 89 Ala. 134, 8 So. 104; Burns v. State, 246 Ala. 135, 19 So.2d 450; Berry v. State, 231 Ala. 437, 165 So. 97.

■ The exhibits which were introduced in evidence, over appellant's objections, are the tickets and stubs to which the testimony related. These included the counterfeits and those that were genuine.

The objections take the position, among others, that "their custody and the circumstances of their production has not been sufficiently accounted for" and that it was not shown that they were in the same condition as they were at the time they were seized by the officers.

As we have indicated, there was no conflict in the evidence. Without dispute these are the tickets and stubs about which we are concerned.

The expert witnesses relied primarily on the printed matter, size of type, spacing of letters, and thickness of paper in determining which were genuine and which were counterfeit.

By examining these exhibits we do not find the least indication of any changes or alterations from the original form.

Perhaps the solicitor should have been more diligent in establishing this preliminary proof. However, we are not convinced that reversible error should be predicated

on the action of the court in allowing them in evidence.

The position is pressed that under the undisputed evidence the crime of larceny cannot be sustained. It is pointed out that Mr. Armstrong voluntarily parted with the possession of the property.

Our appellate courts have reviewed a number of cases in which the possession of personal property was acquired by means of fraud, trickery, deception, and artifice.

In the fairly recent case of Jackson v. State, 33 Ala.App. 42, 31 So.2d 514, certiorari denied 249 Ala. 348, 31 So.2d 519, we sustained a judgment of conviction for larceny under the following facts:

The owner of the property addressed an envelope to her daughter and enclosed five ten-dollar bills. After informing the appellant of its contents, she requested him to mail the letter in the local postoffice and delivered the letter to him for that purpose. According to the State's evidence, the accused opened the envelope and removed the money therefrom after it came into his possession. He mailed the letter without its valuable contents.

This court, and the Supreme Court on certiorari, discussed at length the rules relating to larceny and embezzlement.

This case and the authorities cited in the opinions sustain our view that the evidence in the cause at bar supports the judgment of conviction, under the larceny count of the indictment.

Written instructions numbered 7, 12, 14, 17, and 18, refused to the defendant, pretermit any consideration of the evidence which established that the property was acquired by the appellant by means of trickery, fraud, or artifice.

Refused charge numbered 10 is abstract and invasive of the province of the jury.

We have responded to each presented question which in our view merits any discussion.

The judgment below is ordered affirmed.

Affirmed.