237 So.2d 122

**Braymon RICE**

v.

**STATE.**

**6 Div. 53.**

Court of Criminal Appeals of Alabama.

June 16, 1970.

William T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and George W. Hodges, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The defendant was convicted of assaulting James Edward Gay with intent to murder him. He was sentenced to twelve years imprisonment.

The evidence is undisputed that defendant fired a pistol into the unmarked city police car in which Officer Gay, in plain clothes, was sitting. One shot went into the left front door and a second shot broke the window on the left side, about ten or twelve inches from the policeman's head.

The defendant introduced no evidence.

The sole argument in brief is that the court erred in refusing the following requested charges:

"1. I charge you, Ladies and Gentlemen of the Jury, that a specific felonious intent is an indispensable element of the offense of assault with intent to murder and if there was no intent to murder the person assaulted, even though there may have been a general felonious intent, then you cannot find the de-fendant guilty as charged in the indictment."

"2. I charge you, Ladies and Gentlemen of the Jury, that in order to find the defendant guilty as charged in the indictment, you must find, from the evidence, that he had presently formed the intent to take the life of another person."

These charges were properly refused for these reasons:

Charge 1, if not otherwise faulty, was not predicated on a belief from the evidence.

Charge 2, if otherwise proper, because the intent to take life is not directed against the person charged in the indictment. Walls v. State, 90 Ala. 618, 8 So. 680; Lawhon v. State, 41 Ala.App. 577, 141 So.2d 205.

Moreover, the applicable principles were adequately covered in the oral charge.

The judgment is affirmed.

Affirmed.