**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Eddie BROOKS et al., Defendants-Appellants.**

**No. 72–2734.**

United States Court of Appeals, Fifth Circuit.

April 25, 1973.

Rehearing Denied May 31, 1973.

Marvin Kurzban, Miami, Fla., Court-appointed, for Brooks.

George Weires, Miami, Fla., Court-appointed for Lumdy.

Steadman S. Stahl, Jr., Edward M. Kay, Hollywood, Fla., for Haller.

Robert W. Rust, U. S. Atty., Lawrence B. Craig, III, Marsha Lyons, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

Eddie Brooks, Willie Lumdy, and Sandra Haller appeal from their conviction for possession and distribution of a narcotic controlled drug, heroin, in violation of 21 U.S.C. § 841. We affirm.

The appellants raise several contentions. Appellant Haller contends that the trial court erred in admitting into evidence certain statements concerning her reputation. At trial, Haller took the stand and testified that she was entrapped. The trial court later allowed a government witness to testify that several unnamed informants told him that Haller had been involved in other narcotic transactions. Haller argues that the agent's testimony was inadmissible hearsay and that the names of the informers should have been revealed. We disagree. In Rocha v. United States, 5 Cir. 1968, 401 F.2d 529, cert. den. 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 796, we held that when entrapment is asserted as a defense, hearsay is admissible to show prior disposition to commit an offense charged in the indictment and that the government is not required to disclose the names of the informants.

Haller also contends that the evidence established that she was entrapped. as a matter of law Brooks contends

that the trial court erred (1) in refusing to give a requested jury instruction as to the government's burden in proving entrapment and (2) in ruling that Brooks was not entrapped as a matter of law. Lumdy contends (1) that the jury selection plan, allegedly excluding Latin-Americans and persons between 21 and 25, denied his right to a jury of his peers; (2) that Congress exceeded its power under the commerce clause in enacting 21 U.S.C. § 841(a)(1); (3) that the trial court erred in denying his motion for severance; (4) that there was insufficient evidence to show for the jury to find him guilty of the offenses charged; and (5) that there was a failure to republish Schedule I as required by 21 U.S.C. § 812.

We find no merit in any of these contentions. The decision of the district court must therefore be affirmed.

Affirmed.