285 So.2d 723

**Melvin Douglas JOHNSON**

v.

**STATE of Alabama.**

**SC 604.**

Supreme Court of Alabama.

Nov. 21, 1973.

William J. Baxley, Atty. Gen., and Rosa Gunter Hamlett, Asst. Atty. Gen., for the State.

David L. Barnett, Mobile, for appellant.

FAULKNER, Justice.

Melvin Douglas Johnson was tried by a jury in Mobile on a charge of selling heroin to Danny Wayne Barnes. The jury found him guilty. He was sentenced to seven years imprisonment in the State penitentiary. He filed an appeal with the Court of Criminal Appeals. On November 12, 1973, the case was transferred to this court.

Danny Wayne Barnes was an undercover agent for the Mobile Police Department. He and an informer went to the Little Harlem Club on the night of March 4, 1972. There they met Johnson and Claude Crawford. Barnes told Johnson and Crawford that he was in Mobile to establish contacts for purchasing large amounts of heroin for his people in Huntsville, Alabama. Johnson and Crawford told Barnes that they could get any amount of heroin he wanted. Barnes wanted samples and gave Johnson $20. Barnes went with

**640**

Johnson and Crawford to a place on Hospital Street. Johnson and Crawford left Barnes for four or five minutes. When they returned all of them went to Johnson's house where Johnson handed Barnes a capsule with white powder in it. Barnes was given $5.00 in change.

Johnson testified that he got the heroin for Barnes because Barnes told him he was sick and needed a fix. Johnson further testified that he got a stranger to buy the heroin for him.

At the trial Johnson entered a plea of not guilty. On appeal he relies on the defense of entrapment. In reviewing the record we do not find any exception to the court's oral charge by Johnson; we do not find a written requested charge on entrapment. There was no motion to exclude the evidence. There was no motion for new trial. Johnson contends that the trial court erred in refusing the general affirmative charge.

Entrapment occurs when State officers or persons under their control, incite, induce, lure, or instigate a person into committing a criminal offense, which that person would not have otherwise committed, and had no intention of committing. And when the general affirmative charge is requested based upon the defense of entrapment, the charge must be supported by uncontradicted evidence of unimpeachable weight and credibility, e. g., by the undisputed testimony of the State's own witnesses. Lindsay v. State, 41 Ala.App. 85, 125 So.2d 716 (1960). From the record we find no support for the general affirmative charge, hence it was not error to refuse to give it. There was contradiction in the evidence, and the defense of entrapment was a jury question. Demmon v. State, 46 Ala.App. 652, 248 So.2d 147 (1971). There is no error in the record.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.