**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jasper Lee SIMON, Defendant-Appellant.**

**No. 73–2833**
**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1973.

---

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

fied an informer had said Simon was dealing in drugs. On appeal Simon claims this testimony was hearsay and a violation of his Sixth Amendment right to confrontation. In this circuit, however, we have consistently held that "when entrapment is asserted as a defense, hearsay is admissible to show prior disposition to commit an offense charged in the indictment and that the government is not required to disclose the names of the informants." United States v. Brooks, 5th Cir. 1973, 477 F.2d 453. *Accord,* Rocha v. United States, 5th Cir. 1968, 401 F.2d 529, cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L.Ed.2d 796; Washington v. United States, 5th Cir. 1960, 275 F.2d 687. Therefore we affirm Simon's conviction.

Affirmed.

Thomas M. Haas, Mobile, Ala. (Court-appointed), for defendant-appellant.

Charles White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Simon was convicted of violating 21 U.S.C.A. § 841(a)(1) by distributing and possessing with intent to distribute marijuana. His sole defense was entrapment, and to rebut it the government offered the testimony of three law enforcement officers to show his predisposition to deal in narcotics.

Each officer based his testimony on conversations with a confidential informant. One said an informer told him Simon had a reputation for dealing in drugs, and each of the other two testi-