Unlawful sale of marijuana; sentence: five years.
James Kidd, a Clarke County deputy sheriff who was working as an undercover agent with the Prichard Police Department in Mobile County, testified that he purchased marijuana from the appellant on May 11 and May 18, 1973. On the latter occasion, he testified that he saw the appellant pumping gasoline at a service station in Prichard. Kidd went over to the appellant and told him that he needed "another hit." He said the appellant told him he would be right back, was gone two or three minutes and returned with a lid of marijuana. He paid the appellant $15.00 for the marijuana and then returned to the police station and turned the marijuana over to Officer Jack Harbin, and other officers who were there at the time. Harbin later turned it over to the State Toxicologist. Kidd testified that he had never seen the appellant before May 11, 1973, and had never urged him to sell marijuana. He had merely asked the appellant to sell it.
Officer Harbin testified that the appellant was arrested on June 1, 1973, and was advised of his rights. After that, the appellant stated, "that he had sold to the police."
Marion Sennett, State Toxicologist, testified that the amount of marijuana was 8.7 grams. He testified that this was less than the average "lid." *Page 210 
The defense called several character witnesses who testified as to the appellant's good reputation in the community. The appellant took the stand and testified that he was twenty-one years old and worked at Ingalls' Ship Yard. He stated that he had smoked marijuana for about two years. He did not deny that he sold the marijuana to Kidd. His defense is based upon the theory of entrapment.
The appellant said that Kidd approached him on May 11, 1973, and called him by name. Appellant answered that he did not know Kidd, and he continued with his work at his father's service station. He said Kidd and another man were in Kidd's car drinking liquor. He said Kidd asked him four or five times to sell him marijuana, but he was busy and tried to ignore Kidd. He said Kidd stated that he worked for Scott Paper Company. He pulled out his wallet and showed appellant photographs of his girlfriend and of the place where he worked. Appellant testified that he had never sold marijuana before, that it was only after Kidd continued to harass him that he told Kidd that he had some marijuana for his own personal use, but none for sale. He said Kidd kept requesting some of what he had, and he finally gave Kidd some of his personal marijuana and took the money. Appellant stated that on May 18, 1973, Kidd again drove up to his father's service station and requested "some more of your personal marijuana." He said Kidd acted intoxicated and requested the marijuana four or five times. Appellant sold it to him because he said Kidd hassled him so much. He said he told Kidd that the amount would not be a full lid because he was not a dealer.
 I
Appellant contends that the trial court did not adequately explain the defense of entrapment in its oral charge, and thus erred in refusing his Requested Charge No. 7, which reads:
 "I charge you, members of the jury, that entrapment is established when the criminal design originates with the officers and is implanted in the mind of an otherwise innocent person so that he is induced to commit a crime, which he was not otherwise predisposed to commit." (Emphasis supplied.)
Appellant submits that his charge was taken directly fromBeatty v. United States, 377 F.2d 181 (5th Cir., 1967). The State contends that the trial court's oral charge was a proper statement of the law regarding the defense of entrapment citing as authority, Johnson v. State, 291 Ala. 639, 285 So.2d 723
(1973). No objection or exception was taken to the trial court's oral charge, which was in pertinent part as follows:
 "I would charge you further that if from the evidence you find that the Defendant was entrapped into committing a crime by a lawful officer of the State of Alabama, for which he was indicted in this case, and that would be specifically for which he was indicted for selling marijuana, and I would charge you that would be a defense for which you would find the Defendant not guilty.
 "I will charge you that entrapment is this, as it pertains to law officers:
 "The act of officers or agents of the Government in inducing a person to commit a crime not contemplated
by the Defendant and for the purpose of instituting a criminal prosecution against him is what we call entrapment. . . ." (Emphasis supplied.)
The State contends that inducing a person to commit a crime which he does not contemplate committing is essentially the same as inducing him toward a crime he was not predisposed to commit. The difference is immaterial to our decision since Requested Charge No. 7 was not phrased in proper form. *Page 211 
Requested instructions which are mere statements of legal principles, without instruction as to the effect upon or application to the issues, are abstract and may properly be refused. This is true even where a correct principle of law is set out. Hawkins v. State, 53 Ala. App. 89, 297 So.2d 813, cert. denied 292 Ala. 723, 297 So.2d 817 (1974); Hodges v. State,45 Ala. App. 29, 221 So.2d 922, cert. denied, 284 Ala. 731,221 So.2d 923 (1969).
It has long been the rule in Alabama that requested instructions, tendered in a criminal case, should be written in such a form that they are hypothesized on a "belief from the evidence." A refusal of instructions not so hypothesized is not error, and a trial judge may properly refuse any requested instruction not predicated upon a consideration of all the evidence. Welch v. State, 156 Ala. 112, 46 So. 856 (1909);Duchac v. State, 52 Ala. App. 327, 292 So.2d 135, cert. denied,292 Ala. 251, 292 So.2d 139 (1974); Cork v. State, 50 Ala. App. 670, 282 So.2d 107 (1973); Rice v. State, 46 Ala. App. 12,237 So.2d 122 (1970).
 II
The appellant, at trial, relied upon the defense of entrapment. Both the Alabama Supreme Court and this Court have held that the defense of entrapment is a jury question where there is a conflict in the evidence. Johnson v. State, 291 Ala. 639, 285 So.2d 723 (1973); Demmon v. State, 46 Ala. App. 652,248 So.2d 147 (1971).
Conflicting evidence in this case was submitted to the jury upon the trial court's oral charge defining the law relative to the defense of entrapment. There was no exception or objection to the trial court's oral charge, and thus no error can be claimed therein. Lindsay v. State, 41 Ala. App. 85,125 So.2d 716 (1960). There was sufficent evidence presented to support the verdict of the jury.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.