[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1184 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1185 
The appellant was indicted and convicted for the offense of bribery of a police officer. After sentencing him to serve two years in the state penitentiary, the trial court suspended sentence and placed the appellant on three years' probation. This probation was subsequently revoked.
The state's evidence disclosed that the appellant, a hotel manager, paid a police officer a total of $279.00 to overlook and disregard the prostitution conducted in the hotel. Police Officer Clifton R. Robertson worked in Prostitution Detail of the Vice Bureau of the Birmingham Police Department. He testified that on the afternoon of January 25, 1977, he returned a telephone call that the appellant had made to him earlier that day. The appellant told Officer Robertson that he wanted to talk to him "about letting his girls work". The following day Officer Robertson went to the Nancy Hotel at 323 1/2 Seventeenth Street North, Birmingham, Alabama, where the appellant worked as manager.
Robertson had a body transmitter concealed on his person and was in police uniform. Three of his superior officers were listening to and tape recording the conversation from a car. Officer Robertson testified that the appellant wanted to know what he could do about letting his girls work and stated that he couldn't make any money the way things were going.
 "I again asked him, `Just exactly what do you have on your mind?'
 "And, then, he said that he would work out some deal to pay me to let the girls work, if I wouldn't harass them and wouldn't check the register, and let them work on the street."
* * * * * *
 "He said he would pay me twenty percent of the book — as he called it — each week."
The "book" was called the "trick book" and contained a record of the "tricks" that the girls "turned". The appellant had Carl Smith, who was also charged with bribery, explain this book to Officer Robertson. The deal was made. During the months of February and March of 1977, Robertson returned four times to the Nancy Hotel and collected his twenty percent for a total of $279.00. On each visit the appellant was present and paid the money. On three of the visits Carl Smith was also present. Robertson arrested Smith and the appellant on his last visit. During this time Robertson did not make any arrests or check the register at the Nancy Hotel.
The appellant testified that he had operated the Nancy Hotel since 1974 and claimed that Robertson had come there "every day, and twice sometimes", for about thirty times, and "beat on the doors of the rooms and run the customers away". The appellant stated that Robertson offered to quit harassing him if he would pay Robertson twenty percent. When the appellant did not go along with the deal Robertson continued his harassment. Finally, since the appellant "wasn't making no money", he "just went along with it".
 I
The appellant alleges that the participation of a police officer in a series of separable criminal offenses constitutes entrapment as a matter of law and violates the due process rights of the appellant. We find no merit to this contention.
Entrapment occurs when state officers or persons under their control incite, *Page 1186 
induce, lure, or instigate a person into committing a criminal offense, which that person would not have otherwise committed and had no intention of committing. Johnson v. State, 291 Ala. 639, 285 So.2d 723 (1973). Where the defense of entrapment is raised, two separate issues of fact are presented: First, whether there was governmental inducement, and, second, if there was inducement whether the defendant was ready and willing to commit the act without persuasion. United States v.Jones, 473 F.2d 293 (5th Cir. 1973), cert. denied,411 U.S. 984, 93 S.Ct. 2280, 36 L.Ed.2d 961 (1973); Lindsay v. State,41 Ala. App. 85, 90, 125 So.2d 716, cert. stricken, 271 Ala. 549,125 So.2d 725 (1960), cert. denied, 366 U.S. 933,81 S.Ct. 1656, 6 L.Ed.2d 392 (1961).
The defense of entrapment is not applicable where the law enforcement officer merely affords an opportunity to one intending to violate the law. Johnson v. State, 36 Ala. App. 634, 61 So.2d 867 (1952); Boswell v. State,290 Ala. 349, 276 So.2d 592 (1973); Mullins v. State,56 Ala. App. 460, 323 So.2d 109, cert. quashed, 295 Ala. 412,323 So.2d 116 (1975). "It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play."United States v. Russell, 411 U.S. 423, 436, 93 S.Ct. 1637,1645, 36 L.Ed.2d 366 (1973). The primary focus is on the predisposition of the accused rather than on the agent's actions. Russell, supra.
 "The cases considering the defense of entrapment in prosecutions for offering or paying bribes support the conclusion that the defense cannot be successfully interposed when the accused initiates the transaction by offering or suggesting payment of a bribe, and law enforcement officers, public officials, or others to whose conduct the doctrine applies, thereafter pretend to cooperate by furnishing or otherwise aiding the completion of the offense for the purpose of prosecuting the accused or obtaining necessary evidence.
 "(T)he defense is established where government officials, or persons acting under their direction, for the purpose of arresting and prosecuting the accused, first request, demand, or suggest payment of a bribe from an otherwise innocent person who apparently did not previously have the intention or design to commit the offense, and the accused, either because of fears of official retaliation or the persuasion and representation of the agents, was lured or induced into committing the offense." Annotation: 69 A.L.R.2d 1396, 1400, 1401 (1960).
The proper allocation of the burden of proof when trying a case in which entrapment is claimed is set out in United Statesv. Dickens, 524 F.2d 441, 444 (5th Cir. 1976).
 "The defendant must first come forward with evidence sufficient to raise a jury issue `that the Government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it'. United States v. Mosley, 496 F.2d 1012, 1014 (5th Cir. 1974) citing Pierce v. United States, 414 F.2d 163, 168 (5th Cir. 1969). Once such issue is raised, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the charged offense. Id. See also United States v. Gomez-Rojas, 507 F.2d 1213, 1218 (5th Cir. 1975). By relying on entrapment as a defense, an accused exposes himself to a `searching inquiry into his own conduct and predisposition . . .' Sorrells v. United States, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). To negative the defense, the government may introduce evidence to prove predisposition which is otherwise inadmissible. United States v. Moriarty, 497 F.2d 486, 488 (5th Cir. 1974); United States v. Simon, 488 F.2d 133 (5th Cir. 1973)."
The issue of entrapment is a question for the jury unless as a matter of law the defendant has established beyond a reasonable doubt that he was unlawfully entrapped. UnitedStates v. Harrell, 436 F.2d 606 (5th Cir. 1970).
 "Under our jurisprudence to raise `entrapment as a matter of law,' the defendant *Page 1187 
would have to (1) move the court (a) to exclude the evidence, or (b) to give a written affirmative instruction, or (c) to file a motion for a new trial; and (2) support one of these requests by uncontradicted evidence of unimpeachable weight and credibility, e.g., by the undisputed testimony of the State's own witnesses.
 "Even though the State, to secure evidence, is shown to have tempted the accused, yet if there is proof of his active appetite for forbidden fruit, the issue of causation is one of fact for the jury." Lindsay v. State, 41 Ala. App. 85, 90, 91, 125 So.2d 716, 721.
Here the evidence was conflicting on whether the police officer or the appellant first initiated the bribe. Therefore entrapment was not proven as a matter of law and the issue was properly submitted to the jury. Lindsay, 41 Ala. App. 89,125 So.2d 716. Legal entrapment did not arise simply because after Robertson had all the evidence that he needed to charge an offense, he continued to accept money as the appellant would have this court rule. Pinson v. State, 52 Ala. App. 444,293 So.2d 869 (1974).
 II
A police officer who participates in a series of acts to induce or to afford the defendant an opportunity to commit a criminal act does not become an accomplice as a matter of law.
In Brown v. State, 44 Ala. App. 135, 136, 203 So.2d 700, 702
(1967), the Alabama Court of Appeals approved the statement appearing in 23 C.J.S. Criminal Law § 788, p. 11:
 "A detective or police officer who is engaged in attempts to discover violations of the law is not an accomplice of one charged with such a violation, even though the detective may have been instrumental in procuring the specific violation of the law on which the prosecution is based. Familiar illustrations of this principle are found in cases where detectives or other officers, investigating alleged illegal sales of liquor, purchase such liquor for the purpose of securing evidence, * * *."
See also Johnson v. State, 36 Ala. App. 634, 61 So.2d 867
(1952). An undercover police officer engaged in acts to uncover violations of the law is not an accomplice of one charged with such violations. Pitts v. State, 291 Ala. 136, 279 So.2d 119
(1973); Brantley v. State, 55 Ala. App. 493, 317 So.2d 337, reversed on other grounds, 294 Ala. 344, 317 So.2d 345 (1974);Grissom v. State, 51 Ala. App. 285, 284 So.2d 739, cert. denied,291 Ala. 780, 284 So.2d 740 (1973).
 III
The appellant alleges that the trial court erred in refusing to give defendant's written requested charge number 10.
 "The Court charges the Jury that the burden is never on the Defendant to establish his innocence or to disprove the facts necessary to establish a crime of which he is charged, but that in this case, if any or all of the evidence after considering all of same, raises in the mind of the Jury a reasonable doubt as to the guilt of the Defendant, you should acquit him."
In our opinion the oral charge fairly and adequately instructed the jury that if they had a reasonable doubt of the defendant's guilt growing out of any part of the evidence they should acquit him.
 "If after a full and fair consideration of all the evidence in the case, or any part of the evidence in the case — if there remains in your mind an abiding conviction that the defendant is guilty as charged, then you would be convinced beyond a reasonable doubt, and, in that event, the defendant should be found guilty.
 "On the other hand, if, after the same full and fair consideration of all the evidence in the case, there does not remain, in all the evidence, or any part of it, you can decide what evidence you will consider. That's entirely up to the jury. But if there does not remain in your mind an abiding conviction as to the guilt of the defendant, then you would not be convinced beyond a reasonable doubt, *Page 1188 
and, in that event, the defendant should be found not guilty."
The oral charge need not state the legal principle exactly as it appears in the requested charge. The principle expressed in the requested charge need only be fairly and substantially covered in the trial court's oral charge. Gautney v. State,284 Ala. 82, 222 So.2d 175 (1969). For other cases see 6A Alabama Digest, Criminal Law, 828.
 IV
The appellant contends that a fatal variance existed between the allegations of the indictment charging one count of bribery and the proof adduced at trial revealing four payoffs to the police officer pursuant to the bribery arrangement.
The indictment charged, in effect, that the appellant bribed the police officer with $180.00. The evidence showed that the police officer received four separate "payoffs" in the respective amounts of $73.00, $71.00, $46.00, and $89.00 for a total of $279.00. The appellant relies on Preswood v. State,22 Ala. App. 628, 118 So. 768 (1928). This case stands for the proposition that a conviction on a single count charging larceny of two cows is precluded where the evidence shows two distinct larcenies.
An accused is only required to meet the charge laid against him in the indictment and need not defend against a distinct charge not included therein. Constitution of Alabama of 1901, Section 6; Mauldin v. State, 28 Ala. App. 30, 177 So. 309
(1937).
There was no variance between the allegations and the proof. The appellant recognizes that any variance between the indictment and the proof with regard to the amount of money would not be fatal to the bribery conviction. Wilson v. State,268 Ala. 86, 105 So.2d 66 (1958); Richardson v. State, 237 Ala. 11,186 So. 580 (1938). The objection made by the appellant is best answered in Lindsay v. State, 41 Ala. App. 85, 92,125 So.2d 716, 722 (1960), where the court noted:
 "As to the admission of the evidence of the other payments after the proof of the first bribe, we see no harm to the defendant since the State itself chose to treat the $850 as one bribe rather than as eight. Lindsay got the best of the bargain in the State's merging the other seven instances into a single charge.
 "One exception to the rule in Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847, permits evidence of other crimes to show system. Had the State charged Lindsay with eight separate bribes, testimony of the other seven would have been relevant in order to negative illegal entrapment. See Brown v. State, 37 Ala. App. 516, 74 So.2d 273. Therefore, no harm comes from treating all eight payments as installments."
For a variance to be material, it must be misleading or substantially injurious to the accused in making his defense.Blackmon v. State, 46 Ala. App. 274, 240 So.2d 696, cert. denied, 286 Ala. 733, 240 So.2d 699 (1970). It is sufficient to prove so much of the indictment as shows the accused has committed the substantial offense specified therein. Rogers v.State, 353 So.2d 19 (Ala.Cr.App. 1977), cert. denied,353 So.2d 24 (Ala. 1977).
The State filed a motion to dismiss this appeal because the appellant did not give proper notice of appeal.
The appellant was sentenced on March 3, 1978. No oral notice of appeal was given at this time. The entire record contains no written notice of appeal.
On March 31, 1978, a hearing was called for probation revocation and preliminary hearing. The appellant then expressed "his desire for appeal from the sentence of March 3, 1978". This was not a proper notice of appeal from the appellant's conviction for bribery.
Rule 4 (b), Alabama Rule of Appellate Procedure, clearly provides that:
 "In a criminal case the notice of appeal by the defendant shall be filed in the trial court within 42 days (6 weeks) after the entry of the sentence appealed from. *Page 1189 
The notice of appeal may be either oral or written, as provided in Rule 3 (a)(2)."
Rule 3 (a)(2) states:
 "In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken either by filing an oral notice of appeal at the time of sentencing which shall be entered of record or by filing a written notice of appeal with the clerk of the trial court, within the time allowed by Rule 4." (Emphasis supplied)
Thus the appellant is required to either give oral notice of appeal at the time of sentencing or written notice within 42 days after entry of the sentence appealed from where there is no timely motion for a new trial. In the absence of a timely motion for a new trial any notice of appeal given at any other time (except a notice of appeal entered after the announcement of a decision or order, but before entry of sentence which shall be treated as filed after such sentence, Rule 4 (b)) does not constitute sufficient or proper notice of appeal under the Alabama Rules of Appellate Procedure.
While the failure to file or give a proper notice of appeal is a basis for dismissing the appeal, Rule 2 (b), A.R.A.P. cloaks this court with the authority to suspend the rules "in the interest of expediting decision, or for other good cause shown".
Because this matter may have been subject to some misinterpretation or misunderstanding and in the interest of expediting our decision, we suspend the rules and deny the state's motion to dismiss.
Having searched for error in the record on appeal and finding none, we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.