BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was indicted for possessing, selling, furnishing or giving away to-wit: marijuana, a controlled substance. Sentence; five years imprisonment.
Defendant entered a plea of not guilty. The burden thereupon rested on the State to convince the jury beyond all reasonable doubt the allegations in the indictment were true.
There is no doubt that an unlawful sale as charged was made by defendant to an informant who appeared as a witness. The defendant admitted the sale, but asserted that she was entrapped into making the sale. If established, entrapment is a defense and would entitle the defendant to a verdict of not guilty.
The evidence shows that the informant concealed his identity and convinced defendant that he was a bona fide purchaser. We will not delineate the details of his approach and conversations with the defendant that induced the sale. Suffice it is that the sale was made and the jury was fully informed by the trial judge as to the law of entrapment. A jury question was presented. We quote from the excellent oral charge as follows:
“. . . The defendant as I said, has said that she is not guilty of this offense and has set up a defense of not guilty and also the defense of entrapment. I want to explain to you what entrapment is and how that term should be applied. Whenever someone asserts that they are the victim of entrapment, that means that they were . . . had no previous intent of purpose to violate *1279 the law, but they were induced or persuaded by law enforcement officers or their agents to commit the crime; that they say they are the victim of entrapment. The law of this State and of the country forbids conviction of a defendant if someone is entrapped, as I will explain that to you .... forbids a conviction if there is, in fact, entrapment. Now, where a person already has the readiness and willingness to break the law, the mere fact that law enforcement officers provides what appears to be a favorable opportunity is not entrapment. The mere fact that the State’s main witness, or an officer of the State, solicites a criminal act to which the defendant yielded, does not mean that there is entrapment. For a defendant to set up the defense of entrapment, as I said, must show that they were induced or persuaded by law enforcement officers or their agents to commit the crime. Now, if you should be satisfied beyond a reasonable doubt from the evidence in this case that, before anything at all occurred respecting the commission of the alleged offense in this case, the defendant was ready and willing to commit the crime that’s charged by the indictment, whenever that opportunity was afforded and that law enforcement officers or their agents did no more than offer the opportunity; then you should find that the defendant is not a victim of entrapment. On the other hand, if the evidence in this case should leave you with the reasonable doubt whether the defendant had the previous intent to commit any crime or offense with which she is charged, and she did so only because she was induced or persuaded by some law enforcement officer, then it would be your duty to acquit her. That’s what the law is on entrapment. That’s what the term means when applied to the law of this State. It’s up to you to determine the facts of this case. You’ve heard the evidence. I can not comment on the facts: I can not comment on the evidence. It’s up to you to determine what the facts of the matter are.”
This charge, in our judgment, was sufficient and adequate to inform the jury as to the law of entrapment as applied to the ease. Hudson v. State, Ala.Cr.App., 335 So.2d 208(1), cert. den., Ala., 335 So.2d 211; Johnson v. State, 291 Ala. 639, 285 So.2d 723(3); Demmon v. State, 46 Ala.App. 652, 248 So.2d 147; Boswell v. State, 290 Ala. 349, 276 So.2d 592(15); Tyson v. State (M.S.) Ala.Cr.App., 361 So.2d 1182.
We find no error to reverse or remand on the trial of this case. Appellant had a fair trial before the jury. She lost and cannot be heard to complain.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.