The appellant was convicted for the first degree murder of Veronica Ann Cagle Wilson. Sentence was fixed at life imprisonment. This is a companion case to Flanagan v. State,369 So.2d 46, 6 Div. 865 (Ms. January 30, 1979, Ala.Cr.App.).
The only issue presented on appeal is the failure of the trial judge to give the following requested charges.
"Defendant's Charge No. 5
 "The Court charges the jury that mere presence alone at the scene of a homicide is not sufficient to make a person an accessory."
* * * * * *
"Defendant's Charge No. 6
"The Court charges the jury that one is not guilty of
homicide because he failed to prevent it."
Neither charge is in the required form and on that basis alone their refusal was not error.
 "It is the rule that in criminal cases tendered written instructions should be hypothesized on the belief from the evidence and a refusal of instructions in a criminal case not so hypothesized is not error. Shouse v. State, 36 Ala. App. 614, 63 So.2d 722; Slaughter v. State, 47 Ala. App. 634, 259 So.2d 840, cert. denied, 288 Ala. 751, 259 So.2d 845; Bush v. State, 211 Ala. 1, 100 So. 312. (See innumerable cases in Alabama Digest, Volume 7, Key No. 814 (3).) Neither of these charges meets the required rule and the court cannot be put in error for their refusal." Cork v. State, 50 Ala. App. 670, 676, 282 So.2d 107, 112 (1973).
See also Hudson v. State, 335 So.2d 208, 211 (Ala.Cr.App.), cert. denied, 335 So.2d 211 (Ala. 1976).
 "It has long been the rule in Alabama that requested instructions, tendered in a criminal case, should be written in such a form that they are hypothesized on a `belief from the evidence.' A refusal of instructions not so hypothesized is not error, and a trial judge may properly refuse any requested instruction not predicated upon a consideration of all the evidence. Welch v. State, 156 Ala. 112, 46 So. 856 (1909); Duchac v. State, 52 Ala. App. 327, 292 So.2d 135, cert. denied, 292 Ala. 251, 292 So.2d 139
(1974); Cork v. State, 50 Ala. App. 670, 282 So.2d 107
(1973); Rice v. State, 46 Ala. App. 12, 237 So.2d 122
(1970)."
The State's evidence made out a prima facie case of first degree murder where the victim was brutally and savagely stabbed to death. We have searched the entire record for error prejudicial to the appellant and have found none. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur. *Page 52