The appellant was charged by an indictment returned against him by the Grand Jury of Marshall County stating that he did unlawfully sell, furnish or give away 22.8 grams of marijuana, in violation of the Alabama Uniform Controlled Substance Act, in violation of Sec. 20-2-70 of the Code of Alabama. He entered a plea of not guilty, was found guilty as charged, and duly sentenced to be imprisoned in the penitentiary for five years. He appeals to this Court.
The appellant was represented at all proceedings in the trial court, and is represented in this Court by counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief four reasons why his conviction should be reversed. First, that the trial court erred by overruling appellant's motion to exclude state's evidence; second, by refusing to give appellant's requested, written jury charges on the law of entrapment; third, by charging the jury in his oral charge that "there is no evidence of entrapment in this case, and the defense of entrapment is not to be considered by you;" fourth, by denying appellant's motion for a judgment of acquittal.
State's witness, James Hester, testified, in substance, as follows: That he was employed *Page 1190 
by the Marshall County Sheriff's Office as a narcotic investigator; that he was assigned to investigate drug trafficking in Marshall County, and in the Tri-City area composed of Marshall, DeKalb and Jackson County; that on March 11, 1982 he was engaged in Marshall County as an undercover officer, and went to the home of the appellant at about 6:30 or 6:40 P.M.; that he knew the appellant; that he did not know the appellant before he went to his home; that after his first trip to appellant's home he saw appellant three times at appellant's home; that he knew appellant by the nickname of Jaybird; that on March 11, 1982 he asked the appellant about buying some marijuana, and appellant said: "I have some bags of marijuana, pounds of it, anything you want I can get;" that Hester told the appellant that he would like a bag, and the appellant went to the rear of the trailer where appellant lived, and came back and sat down, and the drugs were passed to me, and I paid the appellant $40.00, the price appellant asked; that Hester stayed a few minutes and left; that he put the marijuana in an envelope, sealed it, and marked it, and gave it to Mike Kirk on March 11, 1982.
Martha Odom, state's witness, testified, in substance, that she was employed by the State of Alabama, Department of Forensic Sciences, Huntsville Division; that she examined state's exhibit number one, the vegetable matter involved in this case, and it was 22.8 grams, or 0.8 ounces of marijuana.
State's witness, Michael Kirk, identified state's exhibit number one as the evidence he received from undercover officer Hester on the 11th day of March, 1982, and that he turned it over to Martha Odom.
At this time the state rested its case, and the appellant made a motion to exclude state's evidence, and dismiss the indictment on the grounds of entrapment, and the fact that the evidence introduced so far shows that as a matter of law the offense that is alleged in this case was induced by the activity of the State of Alabama. The court denied appellant's motion.
The appellant called Mr. Rayburn Bevell, who testified, in substance, that he was a contractor engaged in construction work; that the appellant had worked for him about two years out of the past three years; that the appellant was a dependable worker; that he had never seen the appellant deal with drugs, or use any, or drive a fancy car around, or wearing expensive clothes, or wearing gold, or diamond, jewelry, or flashing around rolls of money; that the appellant is now working for him; that he was surprised to hear that appellant was charged with selling, or giving away drugs.
On cross-examination Mr. Bevell testified, in substance, that he did not know of any other times when appellant had marijuana in his possession; that he did not know that back in May appellant pleaded guilty to possession of marijuana; that he was not with the appellant when the appellant was not working for him, and that he doesn't know what the appellant does off the job; that he would not put up with the appellant selling marijuana on the job; that he did not know about the appellant pleading guilty to marijuana, and it being in the newspaper, and paying a fine, and being put on probation, and that if he had, it would make a difference.
The appellant did not testify in his own behalf. At this time the appellant rested.
The appellant contends in his brief that the trial court erred by overruling appellant's motion to exclude state's evidence; by refusing to give appellant's requested, written charge on the law of entrapment; by charging the jury in his oral charge, "there is no evidence of entrapment in this case, and the defense of entrapment is not to be considered by you," and by denying appellant's motion for a judgment of acquittal. He, therefore, properly raises the issue of entrapment for this Court to decide. Tyson v. State, Ala.Cr.App. 361 So.2d 1182.
It is appellant's argument that the question of entrapment should have been submitted to the jury under the evidence in this case, and that there is sufficient evidence of entrapment to make an issue for *Page 1191 
the jury's consideration. That under the evidence in the record the offense that is alleged in this case was induced by the State of Alabama as a matter of law.
Entrapment occurs when state officers or persons under their control incite, induce, lure, or instigate a person into committing a criminal offense, which that person would not have otherwise committed, and had no intention of committing. Tysonv. State, supra; Johnson v. State, 291 Ala. 639, 285 So.2d 723.
The undisputed evidence in this record is that undercover officer James Hester went to the home of the appellant, and asked the appellant about buying some marijuana, and that the appellant replied by saying: "I have some bags of marijuana, pounds of it, anything you want I can get." That Hester told appellant he would like one bag, and the appellant went to the rear of the trailer where appellant lived, and came back with one bag of marijuana, and sold it to officer Hester, who paid the appellant $40.00. The appellant offered no evidence of any conversations, or of any other action between officer Hester and the appellant. No evidence is found in the record from which a jury could reasonably draw an inference that the State of Alabama, or any of its officers, or representatives, incited, induced, lured or instigated the appellant to commit the offense. We hold that under the facts in this record the trial court did not commit reversible error when it overruled appellant's motion to exclude state's evidence, or refused to give appellant's requested, written charge on the law of entrapment, or in its oral charge to the jury that the defense of entrapment was not to be considered by them, or in overruling appellant's motion for a new trial. Where there is no evidence to support the defense of entrapment, it is not error to refuse to charge the jury on the defense of entrapment. Ritter v. State, Ala. 429 So.2d 928; Hopper v.Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367; Clency v.State, Ala.Cr.App. 415 So.2d 714; Hollins v. State, Ala.Cr.App.415 So.2d 1249; Tyson v. State, supra.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.