STEAGALL, Justice.
We granted the writ of certiorari to review the opinion of the Court of Criminal Appeals. 494 So.2d 155. Tommy Robinson, Jr., was convicted in the Municipal Court of Abbeville of driving under the influence of alcohol and was fined $500, Alabama Code (1975), § 32-5A-191, as adopted by an ordinance of the City of Abbeville. An appeal was then taken to the Circuit Court of Henry County, wherein a trial was held without a jury and Robinson was found guilty of being in actual physical control of a vehicle while under the influence of alcohol. An appeal was then taken to the Court of Criminal Appeals, wherein the judgment of the circuit court was affirmed. We affirm.
Robinson argues that the City did not present sufficient evidence to prove the elements of the offense as set forth in Key v. Town of Kinsey, 424 So.2d 701 (Ala.Cr.App.1982). These elements are:
1. Active or constructive possession of the vehicle’s ignition key by the person charged or, in the alternative, proof that such a key is not required for the vehicle’s operation;
2. Position of the person charged in the driver’s seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move;
3. A vehicle that is operable to some extent.
Bob Elliott, a police officer for the City of Abbeville, testified that while he was on duty on November 6, 1983, in the City of Abbeville, he was called to a wreck in the city. He testified that while on his way to the scene of the wreck, he saw Robinson’s car parked in a residential section, and he said, “[Wjhen I run by him he was in preparation of getting out from under the steering wheel of the car.” The officer turned around and went back to Robinson’s car. By this time, he said, Robinson was standing in front of his car letting the hood up, and the car was “boiling over like it was running hot.” Robinson was placed in the patrol car and transported to the city jail. Robinson’s blood alcohol level was recorded at .10 percent. Officer Elliott in *160 ventoried the items on Robinson’s person. No key of any kind was found on him and no keys were found in the automobile. The vehicle was impounded and towed by a wrecker.
Officer Elliott also testified that the ignition of the automobile was “busted out” and that “you had to have a screwdriver or knife or some sort of instrument like that to crank it.” No such tool or instrument was found in the vehicle or on the defendant’s person. Officer Elliott did not attempt to start the car with such an instrument. He also stated that he did not know for sure whether the vehicle could have been started by using such an instrument if one had been available.
While this case admittedly presents a close question, we feel the elements set forth in the Key case have been met. The arresting officer testified that although there was no ignition key, “the ignition was busted out” and “you had to have a screwdriver or knife or some sort of instrument like that to crank it”; that appellant “was in preparation of getting out from under the steering wheel of the car”; that the car was “boiling over like it was running hot”; and that appellant “was attempting to let the hood up.” This testimony, when taken in its entirety, is sufficient evidence for the trial judge to conclude that Robinson, while under the influence of alcohol, was in “actual physical control” of a vehicle that was operable to some extent.
We, therefore, affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.