Beverly Adams was convicted of improper lane usage and driving under the influence. She received a $20 fine on the improper lane usage conviction and was given a three-month suspended sentence and placed on unsupervised probation for one year on the driving under the influence conviction. She was also ordered to complete DUI school. Subsequently, Adams appealed her convictions to the Court of Criminal Appeals, which reversed the convictions, 585 So.2d 156. We granted the State's petition for writ of certiorari.
The pertinent facts are as follows: The state trooper who arrested Adams testified that he observed a vehicle parked on the shoulder of the southbound lane of Interstate 85 in Montgomery County. The state trooper stated that, upon investigation of the vehicle, he found the driver's window rolled down and observed Adams lying in the vehicle with her head on the passenger side and her feet on the driver's side. The state trooper then testified that he went to the passenger's side of the vehicle, where Adams's head was located, and got Adams's attention by rapping on the car window, which was rolled up, and by shining the flashlight in Adams's eyes. The state trooper stated that he advised Adams that she did not need to be there and that she needed to move along. He further testified that at that point he returned to his vehicle and observed Adams getting back onto the driver's side of her vehicle and pulling onto the roadway.
Shortly thereafter, the state trooper observed the traffic in front of him stopping, and he determined the reason traffic was stopping was that Adams's vehicle was weaving from one lane to the next and that the drivers of other cars were attempting to avoid her. The state trooper testified that he pulled Adams over and approached her car, this time from the driver's side. He testified that he asked Adams if she had been drinking and that, at this time, he could detect the odor of alcohol on her breath. The state trooper then asked Adams to get out of her car in order that he could further determine her degree of intoxication. It was apparent to the state trooper that Adams was unsteady on her feet, and she failed both the alco-sensor test and the field sobriety tests that the state trooper administered to her. As a result, the state trooper arrested Adams for driving under the influence and issued her a citation for improper lane usage. Thereafter, Adams was convicted of both offenses.
In reversing Adams's convictions, the Court of Criminal Appeals held that she had been entrapped, because all of the State's evidence tending to prove her guilt of driving under the influence and improper lane usage was derived after the state trooper had instructed her to get back onto *Page 163 
the highway. Furthermore, that court held that because all of the State's evidence was derived after Adams was instructed to get back onto the highway, the evidence was fruit of the poisonous tree and was, therefore, not admissible.
The issue presented for our review is whether the Court of Criminal Appeals erred in reversing Adams's convictions on the basis of entrapment and the application of the fruit of the poisonous tree doctrine.
It is well settled that one may avail himself of the defense of entrapment where he is instigated, induced, or lured by an officer of the law, for the purpose of prosecution, into committing a crime that he otherwise had no intention of committing. Jackson v. State, 384 So.2d 134 (Ala.Crim.App. 1979), writ quashed, 384 So.2d 140 (Ala. 1979), overruled onother grounds, Lambeth v. State, 562 So.2d 575 (Ala. 1990);Johnson v. State, 291 Ala. 639, 285 So.2d 723 (1973). Where the defense of entrapment is raised, two separate issues of fact are presented: first, whether there was governmental inducement; and second, if there was inducement, whether the defendant was ready and willing to commit the act without persuasion. Tyson v. State, 361 So.2d 1182 (Ala.Crim.App. 1978). The defense of entrapment is not applicable where the law enforcement officer merely affords an opportunity to one intending to violate the law. Id. It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play. Id. The primary focus is on the predisposition of the accused rather than on the agent's actions. Id.
In the present case, the court below held that Adams had been entrapped because, it found, the state trooper instructed Adams to get back onto the road and then arrested her for driving under the influence and improper lane usage. The court held that where an officer reasonably suspects that an individual is intoxicated or under the influence, or where the circumstances are such that a reasonable officer would suspect that a potential driver was under the influence, he should not order the driver back onto the road. Although we agree with the latter statement, we find that the facts in this case do not support the Court of Criminal Appeals' holding that Adams was entrapped.
First, we find no evidence of governmental inducement by the state trooper in instructing Adams to move along. To the contrary, the state trooper steadfastly maintained throughout the trial that he had no knowledge that Adams was intoxicated until after he had first observed her and instructed her to get back onto the road. During the state trooper's brief initial encounter with Adams, he did not smell alcohol on her breath and he did not have the opportunity to observe her actions. His testimony on these points is uncontroverted.
However, assuming, arguendo, that under the facts of this case the state trooper's instructing Adams to move along constituted governmental inducement, the evidence clearly points to a predisposition by Adams to commit the crime of driving under the influence. In fact, by the time the state trooper first encountered Adams, all of the necessary elements to support her conviction for driving under the influence were already present.
Section 32-5A-191(a), Ala. Code 1975, provides that "[a] person shall not drive or be in actual physical control of any vehicle while . . . [u]nder the influence of alcohol." "Actual physical control" has been defined as the exclusive physical power, and present ability, to operate, move, park, or direct whatever use or nonuse is to be made of the motor vehicle at the moment, as determined by the totality of the circumstances.Davis v. State, 505 So.2d 1303 (Ala.Crim.App. 1987).
It is not required that one be actually driving a vehicle in order to be found guilty of violating § 32-5A-191(a). See,e.g., Robinson v. City of Abbeville, 494 So.2d 155
(Ala.Crim.App. 1985), aff'd, 494 So.2d 159 (Ala. 1986) (elements of proof necessary to establish actual physical control were present, where the engine of the vehicle in question had "run hot," the defendant was seen alighting from the vehicle *Page 164 
and was standing by it, and where the odor of alcohol on the defendant's breath and his staggering were noticeable to the arresting officer); Loftin v. City of Montgomery, 480 So.2d 603
(Ala.Crim.App. 1985) (evidence that defendant was found in his truck, stopped on the side of the road, slumped over the steering wheel, with the engine running and the gear shift lever in the neutral position, established each element of "actual physical control" under § 32-5A-191). See also Martinv. State, 529 So.2d 1032 (Ala.Crim.App. 1988); Beals v.State, 533 So.2d 717 (Ala.Crim.App. 1988). Thus, under the facts of this case, we conclude that the Court of Criminal Appeals erred in finding that Adams was induced to commit the offense of driving under the influence.
We further conclude that the court below erred in applying the fruit of the poisonous tree doctrine in its reversal of Adams's convictions. The record reveals no objection by Adams to the admissibility of the evidence of her intoxication, which was procured after she was instructed by the state trooper to move along. Therefore, the Court of Criminal Appeals had no adverse ruling before it upon which to reverse. Matters not objected to at trial cannot be considered for the first time on appeal, since review on appeal applies only to rulings by the trial court. Cooper v. State, 331 So.2d 752 (Ala.Crim.App.),cert. denied, 331 So.2d 759 (Ala. 1976). Therefore, we find that the lower court erred in reversing Adams's conviction on the basis of the fruit of the poisonous tree doctrine.
The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to that court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
ADAMS and KENNEDY, JJ., concur in the result.