McMILLAN, Presiding Judge.
The State appeals from the trial court’s dismissal of the charge of theft of property in the first degree, a violation of § 13A-8-3, Ala.Code 1975, on grounds that the ap-pellee, Carlos B. Humphries, was entrapped into committing the crime.
The record indicates that Hum-phries had originally agreed to enter a guilty plea to the charge. During the proceedings, however, the trial court refused to accept the plea because Hum-phries denied stealing the vehicle. Hum-phries informed the court that he saw a vehicle that had been left in the road with the ignition running. He stated that he entered the car to move it out of the roadway, and that he had been in it only a few seconds when the ignition shut down and he was arrested by police officers. The trial court then set the case for an evidentiary hearing, after which the court apparently determined that, as a matter of law, Humphries was entrapped into committing the illegal activity.
“ ‘ “Entrapment occurs when state officers or persons under their control in *1008 cite, induce, lure, or instígate a person into committing a criminal offense, which that person would not have otherwise committed, and had no intention of committing.” ’ Wright v. State, 494 So.2d 936, 938 (Ala.Cr.App.1986) (quoting Geckles v. State, 440 So.2d 1189, 1191 (Ala.Cr.App.1983)). ‘When a defendant raises an entrapment defense, he must initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.’ Lambeth [v. State], 562 So.2d [575,] 578 [(Ala.1990) ]; See Pierce v. United, States, 414 F.2d 163, 168 (5th Cir.), cert. denied 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). ‘Once the defendant has carried this burden, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged.’ Lambeth, 562 So.2d at 578; See United States v. Gomez-Rojas, 507 F.2d 1213 (5th Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975).
“ ‘ “Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by the one who had the criminal intent.” ’ Wright v. State, 494 So.2d 936, 939 (Ala.Cr.App.1986) (quoting Jackson v. State, 384 So.2d 134, 139 (Ala.Cr.App.1979)).”
Harris v. State, 794 So.2d 1214, 1218 (Ala.Crim.App.2000).
After careful examination of the record, we are convinced that the evidence of the State supports a finding that Hum-phries was not entrapped into illegal activity as a matter of law. We have reviewed the transcripts of both hearings, including the initial guilty-plea hearing and the evi-dentiary hearing, and we are convinced that it would serve no purpose to re-create them here.
Because it is the law of this State that whether a defendant was “entrapped” is a question for the jury unless the evidence is so clear and convincing that it can be passed on by the trial court as a matter of law, and because there is conflicting evidence in this case, we are of the opinion that the trial court’s judgment must be reversed and the entrapment issue left for the jury. Clay v. State, 687 So.2d 1245 (Ala.Crim.App.1996); Tyson v. State, 361 So.2d 1182 (Ala.Crim.App.1978).
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.