MOORE, Chief Justice
(dissenting).
I respectfully dissent because I believe the petition demonstrates a probability of merit. In particular, the petition alleges that the unpublished memorandum of the Court of Criminal Appeals conflicts with C.D.C. v. State, 821 So.2d 1021, 1026 (Ala.Crim.App.2001) (an accused is not entitled to the defense of entrapment if he or she was predisposed to commit the crime at issue), and Johnson v. State, 291 Ala. 639, 640, 285 So.2d 723, 724 (1973) (the defense of entrapment is a question for the jury when a court is presented with conflicting evidence regarding entrapment). The Court in Johnson opined that “[entrapment occurs when State officers or persons under their control, incite, induce, lure, or instigate a person into committing a criminal offense, which that person would not have otherwise committed, and had no intention of committing.” Id. In light of this definition, the following alleged facts provide special and important reasons to issue the writ of certiorari to consider whether, based on the holdings in C.D.C. and Johnson, the Court of Criminal Appeals properly held that the trial court had not erred when it refused to give a jury charge on entrapment.
On February 3, 2011, Investigator Jacob Williams of Russell County, who was wearing plain clothes, parked a pickup truck outside Bowman Apartments in Phenix City; the apartment complex is known for drug activity and is located within three miles of a school and a housing project. Williams asked Kevin Durrell Brown, who was walking home from work, whether Brown had any marijuana to sell. Brown stated that he did not but that he knew someone who did. He then entered an apartment and returned to the pickup truck to instruct Williams to come back in 30 minutes. Williams complied and returned to the apartment 30 minutes later. Brown then informed Williams that Brown still had not obtained any marijuana but that he had another source. Brown was unable to reach this source by telephone. After insisting that he had yet another source, Brown accepted $20 from Williams to purchase marijuana. Brown left with the $20 and returned with a bag of marijuana. Two officers then took Brown into custody, and one of the officers confiscated the bag of marijuana.
In his petition for a writ of certiorari, Brown argues that, because he was returning from work “and had no inclination of doing anything for anyone,” he was not predisposed to distribute marijuana; therefore, he reasons, under C.D.C., he was entitled to a jury charge on the defense of entrapment. The fact that Brown did not have any marijuana on his person when Williams approached him only strengthens Brown’s argument in this regard. If the evidence were to show that Brown was not predisposed to distribute marijuana, moreover, then the Court of Criminal Appeals’ holding in its unpublished memorandum might conflict with Johnson insofar as an accused is guaranteed a jury charge on entrapment when the evidence of entrapment presented by the accused and the State is contradictory.
“It is well settled that one may avail himself of the defense of entrapment where he is instigated, induced, or lured by an officer of the law, for the purpose of prosecution, into committing a crime that he otherwise had no intention of committing.” Adams v. State, 585 So.2d 161, 163 (Ala.1991). “Where the defense of entrapment is raised, two separate issues of fact are presented: first, whether there was *1255 governmental inducement; and second, if there was inducement, whether the defendant was ready and willing to commit the act without persuasion.” Id. If a defendant has carried his burden of showing that government conduct induced him to commit a crime that he otherwise would not have committed, “the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime.” Lambeth v. State, 562 So.2d 575, 578 (Ala.1990). The facts as presented in Brown’s petition merit a closer look to see whether Brown proffered evidence showing that he would not have distributed marijuana but for Williams’s conduct and, accordingly, whether the burden shifted to the State to show beyond a reasonable doubt that Brown was predisposed to distribute marijuana.