148 So.2d 631

**Ex parte James W. COBERN.**

**2 Div. 435.**

Supreme Court of Alabama.

Jan. 10, 1963.

B. V. Hain and Mortimer P. Ames, Selma, for petitioner.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

James W. Cobern was convicted in the Circuit Court of Dallas County of robbery. His punishment was fixed at death. On appeal to this court the judgment of conviction was affirmed. Application for rehearing was later overruled. Cobern v. State, 273 Ala. 547, 142 So.2d 869.

Cobern has filed in this court a petition to be permitted to file a petition for writ of error coram nobis in the trial court. Such is the proper procedure where this court has affirmed the judgment of conviction.

Cobern bases his application for permission to file the petition for writ of error coram nobis in the trial court on the basis of newly discovered evidence which is incorporated in four affidavits made, exhibits to the petition.

The basis of this petition is no more than newly discovered evidence of a cumulative character on the most prominent issue involved in the original trial. It is settled by the authorities that an error of fact which may be used as a basis for a writ of error coram nobis does not consist of new evidence going to the merits of the case and which was not discovered in time for use on the original trial or on motion for new trial. Lamb v. State, 91 Fla. 396, 107 So. 535; Asbell v. State, 62 Kan. 209, 61 P. 690; Howard v. State, 58 Ark. 229, 24 S.W. 8. See Ex parte Williams, 268 Ala. 535, 108 So.2d 454, wherein we quoted from Lamb v. State, supra, with approval.

If a judgment rendered and reconsidered on motion for new trial in the circuit court and which is affirmed in the appellate court may be set aside because of newly discovered evidence in regard to issues involved in the original trial, it would indefinitely protract litigation, destroy the stability and certainty of judicial proceedings, and open wide the door to perjury and fraud.

For the reasons stated, we deny the petition without giving detailed consideration to the nature of the so-called newly discovered evidence, all of which may be objectionable on the ground that it consists either of hearsay or self-serving declarations.

Application denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.