TYSON, Judge.
Bobby Joe Hope was indicted and convicted in Shelby County, Alabama, for the first degree murder of Louie Earl Jones and sentenced to life imprisonment.
The dispositive issue on this appeal is whether the trial court committed reversible error in limiting the closing argument of appellant’s counsel. We hold that the trial court’s action so prejudiced the substantive rights of appellant that reversal and remandment of this cause is mandated.
Because of our holding we will not set forth a lengthy recitation of the testimony presented at trial. We do not pass upon this.
On March 25, 1978, the remains of Louie Earl Jones were found floating in Waxa-hatchee Creek on the Shelby County, Alabama line. Witnesses described the body as being bruised and battered, and the cause of death was determined to be drowning. A toxicologist estimated that death occurred at approximately midnight on March 24, 1978.
Witnesses testified that the appellant and his brother had a dispute with the deceased about some tools in mid-March, 1978, and that the deceased had “called the law” on them. Furthermore, there was testimony that on the night of March 24, 1978, the deceased had an argument with and was threatened by the appellant and his brother.
Ed Burdette, Shelby County Coroner, testified that on the morning of March 25, 1978, he went to Waxahatchee Creek and examined a dead body identified to him as Louie Earl Jones. He stated that he also searched the area for additional evidence and found nearby a striped white shirt with bloodstains.
Lauden Yates, a criminologist with the Department of Forensic Services of the' State of Alabama, testified that he received a blood sample taken from the body of the deceased which he identified as being blood type O. He said he also received a bloodstained shirt, and he determined that the stains were caused by human blood of type 0. He indicated that 45% to 50% of the population has blood type O.
The District Attorney had the shirt marked as an exhibit but never introduced it into evidence.
*746 There was testimony that the deceased was wearing a solid green shirt and that appellant and his brother were wearing tee-shirts.
I
In closing arguments the following occurred: (R. pp. 551-553)
“BY MR. SONNY CONWELL:
“What did they find down there, a shirt
“MR. WALDEN: Object to displaying the shirt, it is not in evidence.
“BY THE COURT: Sustained.
“BY MR. SONNY CONWELL:
“I will show you the bag, you know what was in the bag, the shirt I just picked up
“MR. WALDEN: I move to .
“MR. CONWELL: I can refer to the shirt.
“MR. WALDEN: To the bag but not the shirt.
“BY THE COURT: I sustain as to the shirt, it is not in evidence.
“MR. CONWELL: Judge, it is not in evidence, you are saying because it was not introduced into evidence, I can’t talk about it.
“BY THE COURT: Yes.
“MR. CONWELL: You are?
“BY THE COURT: I am.
“BY MR. SONNY CONWELL:
“I will show you a bag, I will leave it up to you to determine what was in the bag, ever what was in this bag, whose was it, it wasn’t that gentlemen’s, it wasn’t his brother’s and it wasn’t Louie Earl’s, whose was it. It was sent to the State Toxicologist’s office as evidence.
“MR. WALDEN: We renew our objection.
“MR. CONWELL: It shows here Judge this is in evidence.
“MR. WALDEN: He is trying to do indirectly what he couldn’t do directly.
“BY THE COURT: I am only to let him talk about the bag.
“MR. CONWELL: The State now with this objection now asks you this didn’t have anything to do with this case, a bloody shirt found on the scene.
“MR. WALDEN: Your Honor, we object.
“MR. CONWELL: Your Honor, this has evidence and shirt written on it, I can certainly refer to it, I think.
“BY THE COURT: Gentlemen, you have played with words and technicalities that have gotten almost beyond recognition, the Court notes the objection.”
It is settled law in Alabama that counsel for both the State and the defendant are allowed wide latitude in drawing reasonable inferences from the evidence in their closing arguments to the jury. Hurst v. State, Ala.Cr.App., 356 So.2d 1224 (1978); Buttram v. State, Ala.Cr.App., 338 So.2d 1062 (1976).
Although the shirt was not formally ■introduced into evidence, it was marked for identification, displayed to the jury, and commented upon by witnesses. Hence, the shirt was evidence in this case. Simpson v. State, 51 Ala.App. 279, 284 So.2d 734 (1973); Kabase v. State, 31 Ala.App. 77, 12 So.2d 758 (1943).
As evidence, the shirt was a proper subject from which appellant’s attorney could argue a number of reasonable inferences pointing toward his innocence. We consider Roberts v. State, Ala.Cr.App., 346 So.2d 473, cert. denied Ala., 346 So.2d 478 (1977) to be controlling in this case. Judge Bowen in Roberts, supra, stated that:
“. . . it is within the range of legitimate argument for counsel to discuss inferences that may be drawn from the evidence, and to state such inferences. Here, the action of the trial judge precluded defense counsel from arguing reasonable inferences to be drawn from physical evidence which had been described to the jury but was not available for inspection. This was in direct contravention of the rules set forth above and constitutes error prejudicial to the appellant. (citations omitted)”
In view of the error hereinabove discussed, this court finds it unnecessary to address the weight and sufficiency of the- *747 evidence. This cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.