TYSON, Judge.
The indictment charged Bobby Joe Hope with the first degree murder of Louie Earl Jones “by drowning him.” Following a jury trial, appellant was found guilty of murder in the first degree and punishment fixed at life imprisonment. The trial court set sentence accordingly. The first appeal of this cause was reversed in an opinion in which certain facts are reported as Hope v. State, Ala.Cr.App., 378 So.2d 745, cert. denied, Ala., 378 So.2d 747 (1979). This appeal is from a second trial under the indictment in question.
The appellant’s brother, Phillip Stanley Hope, was also charged, tried and convicted of first degree murder and, likewise, his punishment was fixed at imprisonment for life. This appeal was affirmed by this Court, 5 Div. 488, Ala.Cr.App., 390 So.2d 1077, June 17, 1980, rehearing denied, July 29, 1980. The essential facts in the instant case are as stated in the two prior opinions hereinabove mentioned and need not be here repeated.
On the instant appeal, the appellant asserts the insufficiency of the evidence to sustain his conviction, and also the failure of the trial court to sufficiently charge on circumstantial evidence.
I
At appellant’s insistence, we have again considered the evidence in this cause and are of the opinion that the trial court correctly submitted this case to the jury.
As stated by this Court in Phillip Stanley Hope, supra, June 17, 1980:
“We have long held, however, that circumstantial evidence may afford satisfactory proof of the corpus delicti in a murder prosecution, and if facts are presented from which the jury may reasonably infer the crime has been committed, the question must be submitted to the jury. Kontos v. State, Ala.Cr.App., 363 So.2d 1025 (1978), and cases therein cited; McDowell v. State, 238 Ala. 101, 198 So. 183 (1939).”
II
At the conclusion of the trial court’s extensive oral charge in this cause, both the State and the defendant announced, “Satisfied Your Honor” (R. 368). The trial court gave several written requested charges (R. 367-368).
The appellant’s requested charges were either covered by the trial court’s oral charge or other given charges, or were abstract charges not properly predicated on the evidence in the case, or were incorrect statements of the applicable legal principles. Kuczenska v. State, Ala.Cr.App., 378 So.2d 1182, cert. denied, Ala., 378 So.2d 1186 (1979), and authorities cited therein.
Appellant’s requested charges on circumstantial evidence (R. 34, 37-41) were properly refused.
*237 “As we have held in previous cases on requested charges similar to those presently before us, where not all of the State’s case is derived from circumstantial evidence and where the requested charges do not call for consideration of all the evidence, such charges concerning circumstantial evidence are properly refused. Johnson v. State, 55 Ala.App. 581, 317 So.2d 548 (1975); Jones v. State, 54 Ala.App. 167, 306 So.2d 33 (1974). Also, the requested charges were not hypothesized on a ‘belief from the evidence’ and were defective for that reason. Thompson v. State, 369 So.2d 50 (Ala.Cr.App.), cert. denied, 369 So.2d 52 (Ala.1979); Hudson v. State, 335 So.2d 208 (Ala.Cr.App.), cert. denied, 335 So.2d 211 (Ala.1976).”
Murrell v. State, Ala.Cr.App., 377 So.2d 1102, cert. denied, Ala., 377 So.2d 1108 (1979).
We have carefully examined this record and find same to be free of error. This case is due to be and the same is hereby
AFFIRMED.
All the Judges concur.