TYSON, Judge.
James B. Moore appeals from the denial by the circuit court of his petition for writ of error coram nobis without conducting an evidentiary hearing thereon.
James B. Moore was originally charged, tried and convicted of sex abuse and sentenced to six years’ imprisonment. He avers in his coram nobis petition that he entered a plea of guilty but that his trial counsel had ineffectively represented him, that counsel made no effort to investigate the case and that he was wrongfully charged as a matter of law. The trial court denied this petition as being defective as a matter of law.
Subsequent to the denial of this petition by the circuit court, the Supreme Court of Alabama entered its opinion in Boatwright v. State, 471 So.2d 1257 (Ala.1985) requiring a hearing on petitions such as the petition in the case at bar wherein allegations as to the ineffective representation of counsel are made. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
More recently, the Alabama Supreme Court entered its order and opinion in Poole v. State, 485 So.2d 1087 requiring a hearing on such petitions, even though a plea of guilty was entered therein. See also Hill v. Lockhart, 470 U.S. 1049, 105 S.Ct. 1745, 84 L.Ed.2d 811 (1985).
Pursuant to the foregoing authorities, this cause is reversed and remanded for a hearing with counsel to be appointed to represent the appellant; and counsel shall *819 be given an opportunity to investigate, challenge and assert such matters as may be necessary to an orderly hearing and determination of this petition.
REVERSED AND REMANDED.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion in which McMILLAN, J., joins.