We granted certiorari to determine whether James B. Moore is entitled to an evidentiary hearing in the trial court on his petition for a writ of error coram nobis. The Court of Criminal Appeals reversed the judgment of the trial court, which had dismissed the petition without an evidentiary hearing.Moore v. State, 502 So.2d 818 (Ala.Crim.App. 1986). We reverse and remand.
Moore filed a petition for a writ of error coram nobis in the Circuit Court of Mobile County, seeking to set aside his conviction for first degree sexual abuse which was entered pursuant to his guilty plea. After carefully examining the petition, we find it clear that all but one of the issues raised therein are not cognizable in a coram nobis proceeding because they should have been raised in the trial court. Exparte Ellison, 410 So.2d 130 (Ala. 1982).
The one issue raised in the petition that is reviewable in a coram nobis proceeding is Moore's claim of ineffective assistance of counsel. That claim appears in the petition as follows:
 "Petitioner avers that his court-appointed counsel, the Hon. Tom Boller, was derelict in his professional duty to correctly advise and inform the petitioner, in that with a bare minimum of legal research and investigation said attorney could have quickly, easily and surely ascertained the provisions of [Section] 13A-6-66, Code of Alabama (1975), and by so doing immediately recognized that this charge was not applicable to petitioner and that, from the evidence, the only acceptable and correct charge in this case would have been one of the offenses defined in [Section] 13A-6-22 or 13A-6-23, Code of Alabama (1975); i.e. assault in third degree or menacing. In which case said attorney should not have advised petitioner to enter a plea of guilty to a charge not applicable to him and totally unsupported by the evidence."
It is well established that a petition for a writ of error coram nobis must contain more than mere naked allegations that a constitutional right has been denied. Thomas v. State,274 Ala. 531, 150 So.2d 387 (1963). An evidentiary hearing on a coram nobis petition is required only if the petition is "meritorious on its face." Ex parte Boatwright, 471 So.2d 1257
(Ala. 1985). A petition is "meritorious on its face" only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. Exparte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala. 1986).
In the present case, Moore states in his petition that his counsel was constitutionally ineffective because he advised him to plead guilty to the sexual abuse charge without first investigating the facts of the case or researching the applicable law. However, in support of this claim Moore states only that "merely striking a fully clothed female on or about the breast bone in a public place" does not satisfy the requirements *Page 821 
of § 13A-6-66, Code 1975 (sexual abuse in the first degree), and that "no evidence was produced by the state at [the] preliminary hearing, or at any other time; indeed no evidence exists, that would support the charge of Sexual Abuse."
Under the cited authorities, we hold that the petition is not "meritorious on its face," because it lacks the specific factual support necessary to show the trial court that Moore is entitled to relief (i.e., that Moore's counsel was constitutionally ineffective; see Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). It is clear that, under the proper circumstances, "striking a fully clothed female on or about the breast bone in a public place" could be first degree sexual abuse.[1] Unsupported conclusions of law simply will not suffice. See Ex parte Clisby, supra.
Because the petition is defective as a matter of law, the trial court did not err in denying it without an evidentiary hearing. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
[1] Section 13A-6-66, in pertinent part, reads as follows:
 "(a) A person commits the crime of sexual abuse in the first degree if:
 "(1) He subjects another person to sexual contact by forcible compulsion; or
 "(2) He subjects another person to sexual contact who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 "(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old."
In § 13A-6-60, Code 1975, the following definitions appear:
 "(3) Sexual Contact. Any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.
". . . .
 "(6) Mentally Incapacitated. Such term means that a person is rendered temporarily incapable of appraising or controlling his conduct owing to the influence of a narcotic or intoxicating substance administered to him without his consent, or to any other incapacitating act committed upon him without his consent.
 "(7) Physically Helpless. Such term means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act.
 "(8) Forcible Compulsion. Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."