WISE, Judge.
The appellant, Carrius Donte Culver, appeals from the trial court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged his March 2005 guilty-plea convictions for first-degree burglary, three counts of second-degree kidnapping, attempted murder, intimidating a witness, and the resulting sentences: for his burglary conviction, Culver was sentenced to a term of life imprisonment; for his attempted-murder conviction, Culver was sentenced to a term of life imprisonment; for his three kidnapping convictions, Culver was sentenced to three terms of 20 years’ imprisonment; and for his conviction for intimidation of a witness, Culver was sentenced to a term of 10 years’ imprisonment. All of his sentences were to run concurrently. No direct appeal was taken.
On August 3, 2005, Culver filed the instant Rule 32 petition, in which he argued, as best we can discern, (1) that the trial court lacked jurisdiction to accept his guilty pleas because, he said, he was not informed of, nor did his indictments for burglary and attempted murder allege, all of the essential elements of each offense; (2) that his convictions for burglary and attempted murder were a violation of his constitutional right to be free from double jeopardy; and (3) that he was denied effective assistance of trial counsel because, he said, counsel (a) failed to investigate the circumstances of the case, (b) advised him to plead guilty even though the indictments for burglary and attempted murder were defective, (c) failed to inform him of the nature and essential elements of the offenses, and (d) failed to communicate with him. After receiving a response and a motion to dismiss from the State, the circuit court appointed counsel for Culver and held a hearing on the State’s motion to dismiss. In a detailed written order, the trial court denied Culver’s petition.
On appeal, Culver appears to rear-gue the claims presented by his petition and further contends that the circuit court failed to enter specific findings as to each claim.[1]
Culver first claims that the trial court lacked jurisdiction to accept his guilty pleas for burglary and attempted murder because, he says, he was not informed of, and the indictments failed to allege, all the essential elements of each offense. Specifically, Culver maintains that his indictment for burglary failed to allege that the victim was not a participant in the crime and that his indictment for attempted murder failed to allege that the stabbing of the victim caused “serious physical injury” or that the murder attempt actually failed.
The circuit court’s order denying Culver’s petition stated, in pertinent part:
“The Court is of the opinion that the lack of wording complained of in the Burglary 1st indictment would be sur-plusage. The indictment affirmatively charges defendant with unlawfully entering an occupied dwelling home with intent to commit an assault on Zerrick Johnson. It doesn’t describe Johnson as a person ‘who was not a participant in the crime’ but the recitations of facts during the pleas of guilt certainly reflected that he was an innocent victim and not a participant. Further the part that the assault with intent to murder doesn’t aver that the attempt failed is a *1160 bit frivolous. The use of the word attempt infers that it was an incomplete act in itself. Further, had it not failed, the defendant would clearly have been charged with murder, not attempted murder.”
(C.R. 6-7.) The record supports the circuit court’s finding, and we adopt its finding as part of this opinion.[2] Moreover, in Ex parte Seymour, 946 So.2d 536 (Ala.2006), the Alabama Supreme Court held that the Alabama Constitution and the Code of Alabama 1975, not the indictment, are the source of a trial court’s subject-matter jurisdiction. Therefore, because the validity of an indictment does not affect a circuit court’s subject-matter jurisdiction, a challenge to an indictment is not a jurisdictional claim and is therefore subject to the procedural bars in Rule 32.2. Culver’s challenge to his indictments are barred by Rule 32.2(a)(3) and (a)(5), because they could have been, but were not, raised at trial and on appeal.
 Culver next contends that he was denied effective assistance of counsel. Culver seems to couch his ineffective-assistance-of-counsel claim with his claim that his guilty plea was not made knowingly, intelligently, or voluntarily. He claims that trial counsel did not investigate his case, did not communicate with him enough, and failed to make motions to dismiss his indictments, all resulting in prejudice to Culver. Culver’s entire petition essentially contained only naked allegations that his constitutional rights had been violated. In particular, his claims with regard to the alleged ineffective assistance of his trial counsel were unsupported by specific facts and failed to satisfy either the burden of proof requirements of Rule 32.3 or the specificity requirements of Rule 32.6(b). Here, as was the case in Hope v. State, 521 So.2d 1383 (Ala.Crim.App.1988):
“This ‘grocery list’ of counsel’s alleged failures is totally useless because it represents only legal conclusions unsupported by specific facts. Moore v. State, 502 So.2d 819 (Ala.1986). ‘A petition is “meritorious on its face” only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.’ Moore, 502 So.2d at 820.”
Hope v. State, 521 So.2d at 1389.
The circuit court, in its written order denying Culver’s Rule 32 petition, stated:
“The defendant contends that his counsel was ineffective and tries to support this complaint in generalized terms. His court-appointed attorney countered defendant’s contentions with his own version of his efforts to represent defendant. Defendant admits that he told the court that he was satisfied with Mr. Lamere’s representation of him when he entered his pleas of guilty. All of the things complained of could have been raised on appeal by defendant if he had chosen to do so. In the opinion of the *1161 court, none of the complaints have substance.”
(C.R. 7.)
Here, the trial court, which had personal knowledge of the facts, heard testimony from trial counsel that refuted Culver’s claims. The evidence presented did not show that trial counsel’s performance was deficient, nor did it show that Culver’s defense had been prejudiced. Culver failed to meet the standards outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and the trial court did not commit reversible error when it denied any relief as to his claim.
Finally, Culver maintains that his constitutional rights against double jeopardy were violated when he was convicted of both burglary and attempted murder for what he says were the same actions. While we express no opinion as to the merits of Culver’s claim, it is clear that the circuit court failed to specifically address this claim in its order denying Culver’s Rule 32 petition. Rule 32.9(d), Ala. R.Crim. P., requires that the circuit court “make specific findings of fact relating to each material issue of fact presented.” Accordingly, we find it necessary to remand this case to the circuit court for that court to enter a new order addressing the merits of Culver’s double-jeopardy claim. On remand, the circuit court may require the State to respond specifically to Cul-ver’s claim, and, if necessary, it may conduct a new evidentiary hearing or accept evidence in the form of affidavits, 'written interrogatories, or depositions. In making factual determinations, the circuit court may take judicial notice of the record. Due return shall be filed with this Court no later than 56 days from the date of this opinion. The return to remand shall include the circuit court’s written findings, the State’s response if one is filed, a transcript of the proceedings conducted on remand if any are conducted and any other evidence accepted by the court.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, J., concur. SHAW, J., concurs in part and dissents in part, with opinion, which COBB, J., joins.

. On appeal, Culver raises additional claims regarding his indictment; however, "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.” Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997). Thus, any new claims are not properly before this Court.

. We note that Culver has failed to provide this Court with a copy of any of the indictments. It is the appellant’s duty to provide this Court with a complete record on appeal. McCray v. State, 629 So.2d 729, 733 (Ala.Crim.App.1993); Knight v. State, 621 So.2d 394 (Ala.Crim.App.1993). "'This court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record.’ " Stegall v. State, 628 So.2d 1006, 1009 (Ala.Crim.App.1993)(quoting Owens v. State, 597 So.2d 734, 736 (Ala.Crim.App.1992)); Smelcher v. State, 520 So.2d 229 (Ala.Crim.App.1987); Abbott v. State, 494 So.2d 789 (Ala.Crim.App.1986).

 Note from the reporter of decisions: On October 20, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 17, 2006, that court denied rehearing, without opinion. On January 5, 2007, the Supreme Court denied certiorari review, without opinion (1060394).