KELLUM, Judge,
dissenting.
Mesiah Abercrombie, through counsel, filed his Rule 32, Ala. R.Crim. P., petition for postconviction relief on May 16, 2013.[3] On July 15, 2013, Abercrombie’s counsel submitted documentary evidence to support two of the claims in the petition.[4] On or about July 17, 2013, the State filed a motion requesting that the circuit court, pursuant to Rule 32.9(d), Ala. R.Crim. P., *591 accept documentary evidence on Aber-crombie’s petition in lieu of conducting an evidentiary hearing. On or about July 18, 2013, the State filed a response and motion to dismiss Abercrombie’s petition, arguing that Abercrombie failed to state a claim for relief, that all of Abercrombie’s claims were precluded by Rules 32.2(a)(2), (a)(3), (a)(4), and/or (a)(5), and that Abercrom-bie’s claims of ineffective assistance of counsel were precluded by Rule 32.2(d), and the State requested summary dismissal of Abercrombie’s petition.[5] The State also argued that Abercrombie’s claims of ineffective assistance of counsel were mer-itless. The State attached to its response a copy of this Court’s unpublished memorandum affirming Abercrombie’s conviction and sentence as well as subpoena-request forms filed by Abercrombie’s trial counsel before the hearing on Abercrom-bie’s motion to withdraw his plea.
On July 19, 2013, the circuit court issued an order granting the State’s request to permit submission of documentary evidence pursuant to Rule 32.9(d) in lieu of conducting an evidentiary hearing on Abercrombie’s petition. Over the next two months, however, neither party submitted any additional documentary evidence supporting their respective positions. On September 19, 2013, the circuit court issued an order denying Abercrombie’s petition, and making specific findings of fact that one of Abercrombie’s claims was precluded and that the remaining claims were meritless.
The majority remands this case to the circuit court for it to allow Abercrombie an opportunity to present evidence to prove the claim in his petition that his guilty plea was involuntary and that his trial counsel was ineffective because, Abercrombie said, his counsel misrepresented to him that if he pleaded guilty he would receive a sentence of 20 years’ imprisonment, which sentence would be split and he would serve 5 years in confinement. However, Aber-crombie has already had the opportunity to present evidence in support of that claim, as well as the other claims in his petition. Rule 32 petitioners are not entitled to multiple opportunities to prove postconviction claims. Because Abercrom-bie has already been given the opportunity to present evidence to support his claims, the only issue before this Court is whether Abercrombie proved his claims by a preponderance of the evidence. I do not believe that he did. Therefore, I respectfully dissent.

. Because Abercrombie’s petition was filed by counsel, Abercrombie was not entitled to the benefit of the "mailbox rule” and his petition was deemed filed the date it was stamped as filed by the circuit clerk’s office, not the date Abercrombie dated the petition.

.Counsel submitted Abercrombie's medical records from the Jefferson County jail, Aber-crombie’s medical records from the Alabama Department of Corrections, and Abercrom-bie's school records. These documents were relevant to Abercrombie’s claim in his petition that his guilty plea was involuntary because, he said, at the time he entered his plea he suffered from "a diminished mental capacity exacerbated by use of controlled substances which rendered him unable to comprehend the proceedings and what he was doing.” (C. 8.) I note that this claim was also raised in Abercrombie’s motion to withdraw his guilty plea and decided adversely to him by the trial court and by this Court on direct appeal. Abercrombie’s evidentiary submissions were also relevant to Abercrombie’s claim that his counsel was ineffective during the proceedings on his motion to withdraw his plea for not obtaining his medical and *591 school records in order to support the motion to withdraw the plea.

. I note that the State’s request for summary dismissal was inconsistent with its July 17, 2013, motion asking the circuit court to accept evidentiary submissions in lieu of conducting an evidentiary hearing on Abercrom-bie's petition. By requesting in its July 17, 2013, motion that the circuit court accept evidentiary submissions on Abercrombie’s claims in lieu of conducting an evidentiary hearing, the State necessarily conceded that Abercrombie’s claims were not precluded, that they were sufficiently pleaded, and that, if true, they would entitle Abercrombie to relief, and, thus, that Abercrombie was enti-tied to an opportunity to prove his claims. See, e.g., Moore v. State, 502 So.2d 819, 820 (Ala. 1986), and Ex parte Boatwright, 471 So.2d 1257, 1258-59 (Ala. 1985) (a postcon-viction petitioner is entitled to an opportunity to present evidence to support his claims only if they are meritorious on their face, i.e., only if they are not precluded, are sufficiently pleaded, and if true, would entitle the petitioner to relief). In other words, the State conceded that summary dismissal of Aber-crombie’s petition was not appropriate. Although this Court is not bound by the State’s concession, the State should be mindful of asserting inconsistent and contradictory arguments.