FAULKNER, Justice.
This case comes to us on certiorari for the second time. Barton was convicted of robbery in Hale County on February 10, 1976, and gave oral notice of appeal that day. On March 11, he filed a Motion for New Trial that was continued until August 9, when it was overruled. Barton filed a second notice of appeal from the post-judgment order on September 17. Fifty-nine days later, on Monday, November 15, the court reporter filed the transcript of the testimony with the clerk of the circuit court, who in turn completed the record on appeal, and filed it with the clerk of the Court of Criminal Appeals on November 19, 1976. Barton filed his brief on the merits after receiving a seven day extension of time. The attorney general’s office then received a seven day extension of time to file its brief and, at the end of this period on January 20, 1977, filed its brief along with a Motion to Strike Barton’s transcript as not timely filed. Barton countered with a Motion to Suspend the Rules and filed his reply brief on the merits. The Court of Criminal Appeals granted the Motion to Strike, and affirmed Barton’s conviction on the record then before it. We granted cer-tiorari, and remanded for the Court of *756 Criminal Appeals “to exercise its sound discretion to consider whether to suspend the Rules to permit filing the transcript.” Ex parte Barton, Ala., 376 So.2d 753 (1978). On remand, the Court of Criminal Appeals again affirmed without opinion, noting on the cover of the record, “We have again exercised our discretion not to suspend the Rules.” We granted certiorari a second time. Barton now asks this Court to suspend the Rules, and order the transcript filed for consideration on the merits.
Rule 2(b), ARAP, states:
“Suspension of Rules. In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1).”
This provision is, of course, read in conjunction with Rule 1 which states that the Rules of Appellate Procedure “shall be construed so as to assure the just, speedy and inexpensive determination of every appellate proceeding on its merits.” Thus, it is apparent that this Court has the inherent power to suspend the Rules, and order further proceedings as justice requires. Accordingly, we now exercise our discretion to permit the transcript to be filed so that this appeal may, finally, be heard on its merits.
In doing so, we note that Barton’s appeal presents a unique situation justifying such an order. The appeal was originally taken within the first year that the Rules of Appellate Procedure were in effect. Traditionally, parties have been given extra leeway in complying with technical requirements of the Rules during such a transitional period. Here, Barton was attempting to comply with Rule 4(b) ARAP, which, as Justice Jones noted in a special concurrence to our prior opinion on certiorari, was confusing when applied to the practicalities of criminal appeals. 376 So.2d at 754. The rule has since been amended to alleviate the specific difficulties encountered in Barton’s appeal. See Court Comments applicable to Interim Rule 4(b). We also note that Barton’s transcript was filed on a Monday instead of the preceding Friday, apparently due to a miscalculation by the court reporter, but the transcript was filed in the Court of Criminal Appeals on Friday, November 19, within the time limit established by Rule 11(b) ARAP. In other words, the transcript was timely filed with the Court of Criminal Appeals. The State’s Motion to Strike did not come until two months later, and did not show that any prejudice had resulted because the transcript was filed one business day late with the circuit court, and was, in fact, concurrent with the submission of the cause on the merits. To allow Barton’s appeal to be disposed of on such a technicality under these circumstances would be in complete contravention of the spirit of the Appellate Rules.
Consequently, the cause is remanded to the Court of Criminal Appeals, and that court is directed to issue an order allowing the transcript to be filed, and then it is to proceed to consider the appeal on the merits.
REMANDED WITH DIRECTIONS.
All the Justices concur except ALMON, J., who does not sit.