Stafford Gamble was charged by indictment with unlawfully killing Veronica Gamble "by stabbing her with a knife."
At trial the jury returned a verdict of guilty of manslaughter in the first degree and the trial court set sentence at ten years' imprisonment in the penitentiary.
In order to properly understand the events leading to the verdict and judgment and original dismissal of the appeal in this cause by this court, the following chronology of events is set forth, including the filing of the Petition for Writ of Error in this court.
Time Frame
 October 15, 1979 Original trial date ("delayed", appellant did not show).
February 17, 1981 Trial began.
 February 19, 1981 Verdict, judgment and sentence — 10 years imprisonment; application for probation. Appellant instructed to appeal within 42 days. (R. 381)
 April 3, 1981 Probation denied — Oral notice of appeal.
 April 28, 1981 Written Notice of Appeal, (Circuit Clerk incorrectly stated Judgment rendered on April 3, 1981.)
 September 1, 1981 New attorney — Graham replaced Newman.
November 23, 1981 Transcript completed.
 December 2, 1981 Corrected Notice of Appeal, (Circuit Clerk stated Judgment and sentence were entered on February 19, 1981.)
 December 3, 1981 Appeal dismissed as being late filed in Court of Criminal Appeals. Harris, Tyson, Bookout and Bowen, JJ., concur.
 March 16, 1982 Petition for Writ of Error filed in Court of Criminal Appeals.
 I
The verdict of guilty of manslaughter in the first degree and judgment and sentence of 10 years' imprisonment occurred onFebruary 19, 1981, at which time the trial court instructed the appellant and his attorney in open court that he had 42 days (from that date) in which to perfect an appeal (if he desired one). (R. 381). Oral notice of appeal was not given in this cause until April 3, 1981, at the probation hearing, when probation was denied. Written notice of appeal was filed onApril 28, 1981, and this judgment was corrected on December 2,1981. Petition for Writ of Error was not filed in the Court of Criminal Appeals until March 16, 1982.
Our action of dismissing the appeal was proper. The firstattempted notice of appeal was made 43 days after sentencing.
However, that notice was oral and was ineffective because oral
notice is effective only at the time of sentencing. Tyson v.State, 361 So.2d 1182 (Ala.Cr.App. 1978); Rule 3 (a)(2), ARAP. *Page 406 
There was no written notice given until April 28, 1981, which was 68 days after sentencing and clearly beyond the 42 day time limit of Rule 4 (b), ARAP.
The probation hearing on April 3, 1981, in no way tolled the time requirements of Rule 4 (b), ARAP. Turner v. State,365 So.2d 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336 (Ala. 1978); Woods v. State, 371 So.2d 944 (Ala. 1979).
Rule 2 (a)(1), ARAP, provides that an untimely filed notice of appeal mandates dismissal because it fails to invoke our jurisdiction. The committee comments to Rule 2, ARAP, (9th paragraph) state that Rule 2 applies to "applications for extraordinary remedies as well as appeals." The March 16, 1982, petition before us now is almost 13 months after sentencing. Therefore, this petition is due to be and is denied.
Rule 2, ARAP, allows this court to suspend the rules in the interests of justice as was done in Tyson, supra. However, this possibility is left to our sound discretion. We see no reason to suspend the rules in this case.
Appellant was represented by an experienced attorney during the trial and through the period during which a timely appeal might have been filed. The fact that his attorney was replaced on September 1, 1981, can have no bearing on this appeal. Furthermore, both the appellant and his attorney were clearly instructed in open court that they had 42 days from February 19, 1981, in which to file an appeal in this court. (R. 381).
The Petition for Writ of Error presents no argument whatsoever with reference the insufficiency of counsel, nor presents any reasons why we should overlook this delay in perfecting this appeal. Rather, the petition in question is an attempt to obtain jurisdiction, after failure to do so with a timely filed appeal.
For the foregoing reasons, the Petition for Writ of Error is hereby denied.
PETITION DENIED.
All the Judges concur. *Page 1046