On Application For Rehearing

LONG, Presiding Judge.
The appellant, Benjamin Howlet, was convicted of two counts of murder made capital because the murder was committed by shooting the victim while he was in a vehicle, § 13A-5-40(a)(17), Code of Alabama 1975, and because Howlet was in a vehicle when he fired the shot. See § 13A-5-40(a)(18), Code of Alabama 1975. Howlet was sentenced to life in prison without the possibility of parole. He appealed to this Court on December 3, 1998. We dismissed the direct appeal on April 21, 1999, stating that the notice of appeal was not timely because the record did not reflect that the parties had continued the motion for a new trial in accordance with Rule 24.4, Ala.R.Crim.P. Howlet v. State, 801 So.2d at 25 (Ala.Cr.App.1999).
On rehearing, Howlet argues that we erred in dismissing the appeal because, he says, he gave oral notice of appeal at the time of his conviction. Howlet cites Rule 4(b)(1), Ala.R.App.P., in support of his contention that oral notice of appeal given at the time of conviction is sufficient to invoke this court’s jurisdiction. Rule 4(b)(1) states, in part:
“In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 *29 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2). A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after pronouncement of the sentence and on the day thereof. ...”
(Emphasis added.) Howlet contends that the emphasized language in Rule 4 applies to both oral and written notice of appeal, therefore, his notice of appeal was deemed filed at the date that the motion for new trial was denied.
Prior caselaw and the clear wording of the rule do not support Howlet’s argument. As this Court stated in Ex parte Gamble, 413 So.2d 404, 405 (Ala.Cr.App.1982), citing Tyson v. State, 361 So.2d 1182 (Ala.Cr.App.1978), “[OJral notice is effective only at the time of sentencing.” (Emphasis in original.) Rule 3(a)(2), Ala. R.App.P., states:
“In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court within the time allowed by Rule 4, or by the defendant’s giving an oral notice of appeal at the time of sentencing, which oral notice shall be noted of record.... ”
(Emphasis added.) As cited above, Rule 4 states that “notice of appeal filed. ...” Clearly, to invoke the provision in Rule 4 that allows the notice of appeal to be treated as filed on the date of sentencing or the date that a post-trial motion is denied, the notice of appeal must be in writing.
Rule 2(b), Ala.R.App.P., allows this Court to suspend the Rules of Appellate Procedure under certain circumstances. This section states:
“In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule h.(a)(l); and the supreme court may not extend the time for filing a petition for certiorari to the courts of appeals as provided in Rule 39(b); provided, however, that the supreme court may extend the time for filing a petition for certiora-ri in a criminal case in which the death penalty was imposed as punishment.”
(Emphasis added.)
This Court has cited Rule 2(b) on two occasions and suspended the Rules as they relate to filing a notice of appeal. See Tyson v. State, 361 So.2d 1182 (Ala.Cr.App.1978) (although oral notice of appeal given at the probation revocation hearing held 28 days after the date of sentencing, within the time for filing notice of appeal, was ineffective, Court suspended the rules because “matter may have been subject to some misinterpretation” and allowed otherwise untimely appeal) and Wilson v. State, 428 So.2d 197 (Ala.Cr.App.1983) (the Court cited Rule 2(a)(1), Ala.R.App.P., for suspension of the rules, again because there may have been “some misinterpretation or misunderstanding;” but failed to explain). Compare Ex parte Gamble, 413 So.2d 404 (Ala.Cr.App.1982) (oral notice was filed within 42-day period for filing the notice of appeal but was ineffective because “oral notice is effective only at the time of sentencing”).
Tyson, a 1978 case in which the Court suspended the Rules of Appellate Procedure, involved an appeal filed within the first few years of the adoption of the Rules of Appellate Procedure, and an appeal that *30 occurred prior to a 1981 amendment to Rule 4, Ala.R.App.P. As the Alabama Supreme Court stated in Ex parte Barton, 376 So.2d 755, 756 (Ala.1979), concerning the confusion caused by the original wording of Rule 4, Ala.R.App.P.:
“This appeal was originally taken within the first year that the Rules of Appellate Procedure were in effect. Traditionally, parties have been given extra leeway in complying with technical requirements of the Rules during such a transitional period. Here, Barton was attempting to comply with Rule 4(b) [Ala.R.App.P.], which, as Justice Jones noted in a special concurrence to our prior opinion on certiorari, was confusing when applied to the practicalities of criminal appeals. [Ex parte Barton,] 376 So.2d [753] at 754 [ (Ala.1978) ]. The rule has since been amended to alleviate the specific difficulties encountered in Barton’s appeal.”
The current Rules of Appellate .Procedure do.not allow this Court to suspend the Rules so as to allow the timely filing of an otherwise untimely notice. of appeal. As Rule 2(b) states: “[A]n appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1).... ”
Clearly, the wording of Rule 2(b) was meant to apply to those situations that do not go to the jurisdiction of this court; e.g., where a pro se litigant fails to file sufficient copies of his brief or where a party files a brief that exceeds the page limit.
APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.