SHAW, Judge,
concurring specially.
I agree with the majority’s conclusion that the trial court had jurisdiction to rule on Franklin E. Herring’s request for an appeal bond and, therefore, that the writ of prohibition should not issue. I write specially only to address the dissent and thereby to provide another perspective should the Alabama Supreme Court have the opportunity to review this issue.[1]
*1220 Relying on the general rule that jurisdiction of one case cannot be in two courts at the same time, see the cases collected at 2 Ala. Digest 2d, Appeal and Error § 436 (1993), the dissent adopts the State’s argument that a defendant’s act of filing a notice of appeal, even when done concurrently with a request for an appeal bond, as specifically required by Rule 7.2(c)(2)®, Ala. R.Crim. P., deprives the trial court of jurisdiction to rule on the request for an appeal bond. I believe that such a holding by this Court would be contrary to the plain language of Rule 7.2(c)(2) and the expression of intent set out in the committee comments to that rule.[2] Rule 7.2(c)(2) provides:
“(2) Any defendant who has been convicted of an offense for which the defendant has been sentenced to a term of imprisonment for twenty (20) years or less may be released on a secured appearance bond or on the defendant’s personal recognizance,
“(i) Upon application for release made concurrently with the filing of a notice of appeal, or
“(ii) If the application for probation is made, upon application for release made at any time before probation has been granted or denied.”
(Emphasis added.) The Committee Comments to Amendment to Rule 7.2 effective April 1,1995, in pertinent part, state:
“Section (c) recognizes that after conviction the defendant is no longer presumed innocent and is not entitled to admission to bail as a matter of right. If a defendant’s sentence is for twenty (20) years or less, the defendant can be admitted to bail, in the judge’s discretion, unless the judge has reason to believe that bail will not reasonably assure that the defendant will not flee, or has reason to believe that there is a real and present danger to others posed by the defendant’s being at large. Thus, Section (c) modifies Ala.Code 1975, § 12-22-170, which unconditionally allowed bail if the sentence did not exceed twenty (20) years.
“Under Rule 7.2(c)(2)®, a convicted defendant may apply for release on an appearance bond or on the defendant’s personal recognizance at the time of filing a notice of appeal. This changes former practice, whereby application for release had to be made with the filing of *1221 a notice of appeal at the time the sentence was rendered (i.e., when the sentence was pronounced); that former practice presented an unduly restrictive, unfair, and technical trap for the unwary practitioner. See Ex parte Doumer, 44 Ala.App. 77, 203 So.2d 132 (1967); Ex parte Rogers, 53 Ala.App. 245, 298 So.2d 665 (1974); Ex parte Pennington, 57 Ala.App. 128, 326 So.2d 656 (1976). For ‘Appeal as of Right — When Taken,’ see A.R.App.P., Rule 4(b). Cf. Fed.R.Crim. P., Rule 46(c).
“Rule 7.2(c)(2) allows some discretion to the trial judge in releasing the defendant on bail or on the defendant’s personal recognizance. If the defendant initially files a notice of appeal when the sentence is pronounced, but elects to waive release and to begin serving the sentence, and thereafter requests that the sentence be suspended, whether to grant bail is left to the discretion of the trial court. There are no cases on this point, and there has been some question whether the trial court retains jurisdiction over the defendant, since the defendant will have already begun serving the sentence. However, it is preferable that the trial court make the release decision, since that court is more familiar with the case, the record is usually still with the trial court, and any witnesses would be more readily available to that court.”
(Emphasis added.)[3]
Rule 7.2(c)(2)© states that a defendant should file an application for release concurrently with the filing of the notice of appeal. The rule also clearly contemplates that the trial court will have a reasonable amount of time to rule on the bond request and to hold a hearing if one is needed, so that it may consider the relevant factors discussed in Rule 7.2(a). Here, Herring moved for an order fixing bond on appeal concurrently with the filing of his notice of appeal, as required by Rule 7.2(c)(2)©. As I read Rule 7.2(c)(2), the trial court had the authority to rule on that motion. In my view, a contrary holding would eliminate any field of operation for Rule 7.2(c)(2)® in a case like this one where no request for probation was made, because it would effectively preclude the trial court from ruling on a bond request filed concurrently with the notice of appeal.
Rule 7.2(c)(2)(ii), Ala. R.Crim. P., does state that a judge may entertain a request for an appeal bond if the request is made “at any time before probation has been granted or denied.” The dissent concludes that in a case where probation is not requested, because probation may only be granted before the execution of a sentence has begun,[4] a request for an appeal bond may also only be granted before the execution of a sentence has begun. However, Rule 7.2(e)(2)(ii) requires only that a bond request be made before the trial court has ruled on a request for probation, i.e., before the execution of a sentence has begun. The rule does not specify or imply any time period within which the circuit court must dispose of a request for an appeal bond. Furthermore, as the dissent implicitly acknowledges, Rule 7.2(c)(2)(ii) contemplates that, because an application for *1222 probation following sentencing does not toll the time requirements of Rule 4(b), Ala. R.App. P., for filing the notice of appeal, see, e.g., Ex parte Gamble, 413 So.2d 404 (Ala.Crim.App.1982); and Woods v. State, 371 So.2d 944 (Ala.1979), a motion for an appeal bond may be filed with the circuit court after the notice of appeal is filed, provided the motion is filed before the application for probation is ruled on.
Therefore, both Rule 7.2(c)(2)(i) and (ii) contemplate that, even though a case may be in an appealable posture, and, in fact, a notice of appeal may have been filed, the trial court will retain limited jurisdiction to dispose of a motion for an appeal bond. This is consistent with the general rule, which has been stated many times, that when an appeal is taken the trial court can do nothing with respect to any matter or question that is involved in the appeal and that may be adjudged by the appellate court; however, as an exception to the general rule, it is also recognized that the trial court may proceed in matters entirely collateral to that part of the case which has been taken up by the appeal. This statement of the rule is an application of the general rule that jurisdiction of a case can be in only one court at a time. See, e.g., McKinney v. State, 549 So.2d 166 (Ala.Crim.App.1989); Reeves v. State, 419 So.2d 217 (Ala.1982); Osborn v. Riley, 331 So.2d 268 (Ala.1976); Reynolds v. Colonial Bank, 874 So.2d 497 (Ala.2003). When it approved Rule 7.2, the Alabama Supreme Court was certainly aware of the jurisdictional implications of the filing of a notice of appeal. The logical effect of Rule 7.2(c)(2), I think, is that the trial court retains limited jurisdiction to rule on a collateral request for an appeal bond subsequent to the filing of a notice of appeal. Therefore, to me, Rule 7.2(c)(2) is consistent with the general rule that jurisdiction of a case can be in only one court at a time. It concerns me that failing to treat a motion for an appeal bond as a collateral matter over which the trial court retains limited jurisdiction after the case is appealed would have the unintended consequence of either shifting the responsibility for appeal bond determinations to this Court (something which this Court is ill-equipped to handle) or requiring this Court to remand certain cases to the trial courts for rulings on motions to set, or revoke, appeal bonds. As the committee comments to Rule 7.2 note, it is preferable that the trial courts make the decision whether to release the defendant pending appeal. I believe that this Court’s interpretation of Rule 7.2 is consistent with the Alabama Supreme Court’s admonition in Rule 1.2, Ala. R.Crim. P., that the Rules of Criminal Procedure “shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”
BASCHAB, J., concurs.

. In support of its petition for a writ of prohibition, the State argues that the trial court lacked jurisdiction to rule on Herring’s request for an appeal bond. As an aside, the *1220 State also takes issue with the trial court’s order:
"Contrary to the Court's Order, no evidence was taken concerning the flight risk or danger to the community of [Herring], The hearing was oral argument and the only issue addressed by the State was that of jurisdiction. The family of the victim is very much opposed to the Defendant being released on bond on appeal.”
(State’s brief at p. 3; emphasis added.) The trial court’s order reads, in pertinent part, as follows:
"At the bond hearing held on March 23, 2006, the State asserts that the Circuit Court of Geneva County has lost jurisdiction for the purposes of bond. The defendant's counsel ... points out that the defendant has family support, is not a flight risk, nor is he any danger to the community.
[[Image here]]
"The State does not disagree with the defendant’s assertions that he has family support, is no flight risk and is no danger to the community and the court finds all these assertions to be factual.”
Whether the trial court abused its discretion by finding that Herring is not a flight risk or that his release poses no danger to any other person or to the public at large is an issue that is not presented by this petition for a writ of prohibition.

. Rule 9(b), Ala. R.App. P„ and § 12-22-170 have been superseded by the amendment to Rule 1.5; Ala. R.Crim. P., making Rule 7.2 the governing rule. See Ex parte Ziglar, 604 So.2d 384 (Ala. 1992).

. I note that the committee comments appear to be inconsistent with the plain language of Rule 7.2(d) with respect to whether a defendant, who has filed a notice of appeal and elected to waive release and to begin serving the sentence, can be released on bond. In any event, Herring did not waive release; instead, he stated on his notice of appeal that he was moving "for an order fixing bail on appeal and for suspension of execution of sentence....”

. Probation may be granted at any time before the execution of a sentence has begun. State v. Green, 436 So.2d 803 (Ala. 1983).